CASE 26—PETITION EQUITY—SEPTEMBER 25.

# Perry vs. Seitz.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

1. An affidavit and demand, as preliminaries to a suit, are only necessary when the suit is against a personal representative. (1 *Met.*, 26.)

2. But no judgment can be rendered on a demand against *the estate* of a decedent until the affidavit required by *sec.* 36, *art.* 2, *chap.* 37, *Rev. Stat.*, is made.

3. The payee of a note, who has transferred it by parol, is a necessary party to an action in the name of the assignee. (1 *Met.*, 657.)

4. In an action against a devisee, to subject assets devised to the payment of the testator's debts, the personal representative of the testator, if there be one, is a necessary party.

5. After the defendant has deposited in court the amount of the debt, there should be no judgment for the sale of the land attached.

6. It should not be left to the commissioner to fix the time of a decretal sale. The court should fix the time by at least some general designation—such as the first day of some county or circuit court. (*Civil Code, section* 253.)

CHIEF JUSTICE SAMPSON DELIVERED THE OPINION OF THE COURT:

This suit was brought upon a promissory note executed by Geo. Smith to Ben. Mason. The petition avers that the payee of the note transferred it to appellee by parol assignment; that the obligor had died, having made a will devising his real and personal estate to his widow, Mary (who is one of the appellants); that she had sold the former and removed

the latter from the State; that she had intermarried with Perry; and that she and her husband were non-residents; that she owned, in her own right, a tract of land in Campbell county.

An attachment was sued out and levied on the tract of land aforesaid, and, upon hearing, the court adjudged a sale of a sufficiency of the land to pay the debt.

Afterwards the appellants appeared and tendered, in court, the amount of the debt, and moved to set aside the sale of the land made under the judgment, and to be permitted to defend and have the action retried. The court set aside the sale, and permitted them to defend. The money was ordered to be loaned out, giving the preference to appellee.

The appellants then filed affidavits, averring that the note sued on was against the estate of a decedent; that no affidavits had been made, as required by law, and no demand before suit; and asked for a rule on appellee to show cause why the suit should not be dismissed; which motion was overruled. They also filed a demurrer and answer. The grounds of demur are, a want of proper parties, and that the petition did not set forth a good cause of action.

On final hearing, the court adjudged that the former judgment be confirmed, and the master commissioner was directed to execute it on a day to be *fixed by himself*.

The correctness of these several rulings of the circuit court is questioned by the record.

It is decided by this court, in the case of Rogers vs. Mitchell's executor (1*st Met.*, 26), an affidavit and demand, as *preliminaries* to a suit, are only necessary when the suit is against a personal representative. The motion of appellant for a rule was properly overruled. The failure to make the affidavit and demand was no ground for the dismissal of the suit. But as the Revised Statutes (*chap.* 37, *art.* 2, *sec.* 36) enacts "that no recovery shall be had on any demand against a decedent's estate until the affidavit shall be made," we think the court should have required the making of the affidavit before rendering judgment. The requirement of the statute is peremptory; and if it be conceded that a party may waive

it, in this instance there can be no presumption of waiver, for the question of the necessity of such an affidavit is, substantially, made by appellants.

There was no formal disposition of the demur by the court, but the final judgment must be regarded as virtually overruling it. In this the court erred. It should have been sustained for want of proper parties.

As decided by this court, in the case of Gill vs. Johnson's administrator (1st Met., 657), the appellee had only an equitable right to the note sued on, and the payee was a necessary party to the suit; the personal representative, also, of the payor, if he had one, should also have been brought before the court.

There is also a fatal objection to the final judgment. It directs the commissioner to execute the former judgment, which is for a sale of the land to pay the debt, when, in fact, the amount of the debt had been tendered in court by appellants. The fund in court should have been disposed of first, and then, if not sufficient to pay the whole claim, a sale of the land to pay the balance should have been ordered. The court, in the judgment, should also have fixed the time of sale, not left that to the commissioner; such is the requirement of the 253d section of the Civil Code. We do not mean to decide that, in orders of sale, a particular day must be named; but if that is not done, there should be some general designation that the sale should be on the first day of some county or circuit court day.

For these errors the judgment is reversed, and the cause remanded for proceedings not inconsistent with this opinion.