CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court:
On this rule against W. H. Sandford, late clerk of the Owen circuit court, to show cause why he refuses to deliver the transcript of the record in this case, his written response and oral statement under oath have been considered.
The suit was tried below and the transcript of record ordered and actually begun, and some ninety pages made when his term of service would soon expire and his successor be qualified; and finding that the record was very voluminous and troublesome, he notified appellants’ counsel he could not complete the record within his unexpired term, nor for the legal fees; when the counsel agreed, for his client, to give him reasonable compensation. Some two to three hundred pages were transcribed when he went out of office. His successor entered upon the dis *431 charge of his duties the first Monday in September, and the record was not completed until in the following- October, when the counsel fixed the compensation at two hundred dollars, and Sandford lodged the transcript in his agent’s hands, with directions not to deliver it until appellant paid the two hundred dollars, which is only about twenty-five dollars more than he says the legal fees would be, as these would amount to about twenty-five cents per page, and there being some seven hundred and forty-two pages.
Whilst we see no improper motive, and only the exercise of what Mr. Sandford believed his legal rights, and which seemed to have been conceded by the appellant’s attorney, yet we are constrained to differ from them.
It is a part of the official duties of clerks to make out complete and perfect transcripts of record for parties litigant, and the law has defined and regulated his fees therefor. It is true he is to be allowed a reasonable time to discharge this as well as his other official duties, and if he cannot accomplish this within his term, then its completion devolves upon his successor, as part of his official duties.
The parties litigant are entitled to a perfect transcript from the clerk, whoever he may be, for this is an incident which follows the office, which never dies nor ceases, and at the compensation fixed by law, to be collected in the legal mode; therefore, any promised compensation beyond what the law has provided is without consideration, and against its policy.
If promised compensation for extraordinary official vigilance should be recognized, the liberal and the wealthy would get innumerable advantages over those not disposed or not able to pay additional remuneration, and that equality, so just in itself, and the subject of so much *432 legal solicitude, manifested in all our laws regulating official duties, would be destroyed. It would open the door to innumerable evils, and be instrumental in much injustice, controvene the pure and impartial policy of the law, and result in a harvest of calamity .to a large class of litigants.
Whilst we do not mean to say that the clerk might not retain the record to secure his legal fees, where it is manifest that he could not collect them by legal means and remedies, yet no such cause is here assigned; but as this transcript was not, nor could reasonably be, completed by Sandford before the expiration of his term of office, compatible with his other official duties, he holds this transcript as personal, individual property, unencumbered with official relation or responsibility as to its delivery after completion; and, therefore, whilst he would not now have the legal right to charge for the first two hundred pages more than the law allows, yet he may retain the whole until an agreed price is paid — the remainder being made when out of office, and under no official responsibility, and the party being under no legal obligation to accept a partially completed record. The party may have a complete transcript made by the present encumbent at the legal rates, and if Sandford unnecessarily or unreasonably delayed making out his transcript, he has ample legal remedies on Sandford’s official bond; but this court cannot order a delivery of the transcript.
Rule dismissed.