JUDGE COFER
delivered the opinion op the court.
On the motion of B. H. Duncan a rule was awarded against Jno. S. Cain, clerk of .the Jefferson Court of Common Pleas, to show cause, if any he could, why he did not make out and deliver to said Duncan a transcript of the record of the common pleas court in the case of F. Baker v. Duncan, to be filed in this court for the purpose of prosecuting an appeal from the judgment of said common pleas court.
From the affidavit of Duncan, and exhibits filed in support of the motion, it appears that about July 21, last, Duncan sent to the office of the clerk of the common pleas, court for the transcript, and received the following answer :
“ Mr. Duncan: As soon as we can compare it, we will send it to you. Please send me check for same, $13.
“Yours respectfully, Ben. A. Newhall, D. C.”
Duncan replied to the note, in substance, that records for the Court of Appeals were not to be paid for in advance, and that he declined to pay for said transcript until the decision was made; and, in response to a subsequent demand, received a note from the same deputy, saying he was instructed to allow no record to go out of the office until paid for.
It appears from the response of the clerk that he tendered the transcript to Duncan and demanded payment of his fee of $13 therefor, which Duncan refused to pay, and the clerk thereupon refused to deliver the transcript; that payment of the fee has been repeatedly demanded and refused since that time. And it further appears from the response and exhibits filed with it that Duncan is legally insolvent.
It is also stated in the response that Duncan, at the several ■ times when payment was demanded had, and that he still has in his possession and under his control, money belonging to *516 himself more than sufficient to pay said fee, and that he can now easily pay it, but he refuses, with the intention never to pay for said transcript.
The statement that Duncan is legally insolvent is proved by the exhibits filed with the response; and the statement that he has money and can easily pay the clerk’s fee, is in effect admitted in the brief filed by Duncan himself, in which he uses this language: “ It is not a matter of moment or concern to the appellant whether he pays this $13 now or not. It is a grave principle which he maintains, which he trusts will be the means of showing up in proper light the greed and insolence of office which has characterized the clerkship of this Louisville court, with its enormous fees and emoluments.”
It thus appears that he declines to pay for the record, not because he is unable to pay for it, or because it would be inconvenient to do so, but because he conceives he is not legally bound to pay until the appeal is decided; and that his motion here for a rule is based solely upon a supposed legal right to demand that this court shall enforce against the clerk, by summary process as for a contempt, his supposed legal right to have the transcript delivered without the payment of the clerk’s fee therefor.
"We entertain no doubt of the power of this court to compel the clerks of courts to make out and deliver to unsuccessful litigants in such courts transcripts of the records of cases over the judgments in which we have jurisdiction, without the payment or security for the payment of the fees therefor.
But are we bound in every such case to exercise that power without regard to the facts and circumstances which have led to the application for its exercise? In other words, is the exercise of the power matter of right in the litigant, or is it matter of discretion in the court?
There is no statute or settled rule of practice regulating the subject. In Collins v. Cleveland (17 B. Mon. 459) the clerk, *517 in response to a rule nisi, stated that Collins was insolvent, and refused to give security for the fee for making out the transcript. No other defense or excuse seems to have been offered, and the court decided, that “ It is the duty of the clerk to make out a transcript for the unsuccessful litigant in the circuit court, without previously demanding payment or security for the fee.”
All that case decides is, that the insolvency of the litigant and his refusal to give security for the fee do not constitute a sufficient excuse for the refusal of the clerk to make out the transcript for such litigant. And in Bates v. Foree (4 Bush, 432) the court plainly intimated thát there might be a case in which the clerk would have a right to retain a record until his fee was paid.
But, without deciding whether that intimation is or not correct, we do decide that when, by the admission of a party applying to the court for a rule to be enforced, if at all, by fine and imprisonment, it appears that he is legally insolvent, but is able to pay for the transcript, and can conveniently do so, and that he only refuses to pay for it because, as he assumes, he has a legal right to do so, we will not aid him by summary process to enforce his legal right, but will leave him to his legal remedy in the courts of original jurisdiction, where any grievance he may have can be adequately redressed.
The clerk has made the transcript and has it réady for delivery. Duncan, according to his own statement, could and can conveniently pay the fee, and in his case there can be no deprivation of the right to apply to the courts for assistance or protection because of the conduct of the clerk; and if his purpose is merely to vindicate himself against what he esteems a disregard of his legal rights, he should have sought redress elsewhere.
The rule must therefore be discharged.