Houston v. Ducker.

CASE 18—RULE—OCTOBER 4.

## Houston v. Ducker.

APPEAL FROM PENDLETON CIRCUIT COURT.

RULE AGAINST CLERK TO FURNISH TRANSCRIPT.—The court will not, even if it has power to do so, require the clerk of a circuit court to furnish a transcript of a record to the appellant, except upon payment of his fee therefor, where it appears that the appeal was improperly granted by the clerk of this court more than two years after the right to appeal first accrued, and that the transcript, even if furnished, will not avail the appellant, or give to this court jurisdiction of the case.

A. DUVALL FOR APPELLANT.

It is the duty of the clerk to make out a transcript for the unsuccessful litigant in the circuit court, without previously demanding payment

or security for the fee. (Bates v. Force, 4 Bush, 430; Collins v. Cleaveland, 17 B. M., 365; Duncan v. Baker, 13 Bush, 516.)

W. J. PERRIN AND C. H. LEE OF COUNSEL ON SAME SIDE.

LESLIE T. APPLEGATE FOR APPELLEE.

Brief not in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

At the April term, 1883, of the Pendleton Circuit Court, verdict and judgment were rendered against the appellant in an action in which he was plaintiff. But the motion for a new trial, duly made by him, was not acted on until the November term, 1883, when judgment was entered overruling it, from which he prayed an appeal to the Court of Appeals. At the same term he tendered a bill of evidence and exceptions; but from some unexplained cause it was not signed by the judge and made part of the record until the April term, 1885. August 17, 1886, a memorandum was filed with the clerk, in which he was directed to copy the judgment rendered at the April term, 1883, and all the subsequent orders made in the case, which was done. And that copy being filed in the office of the Clerk of the Court of Appeals August 20, 1886, an appeal was granted by him.

September 5, 1887, the appellant, upon grounds filed, made a motion in the Court of Appeals for a rule against the clerk of the Pendleton Circuit Court, to show cause why he had not made out a transcript of the record of the case and delivered it to the appellant as demanded of him. To that rule the clerk has responded, in substance, that a copy of the judgment was not filed with the clerk of the court for more

than two years after appellant's right to appeal first accrued, and there is no appeal pending in this court, and for that reason he moves this court to set aside the order awarding the rule against him.

In the case of Collins v. Cleaveland, 17 B. M., 459, it was held that "it is the duty of the clerk to make out a transcript for the unsuccessful litigant in the circuit court, without previously demanding payment or security for the fee." And in Bates, &c., v. Foree, &c., 4 Bush, 430, it was held that "it is part of the official duties of the clerks to make out complete and perfect transcripts of record for parties litigant, and the law has defined and regulated his fees therefor."

In the case of Duncan v. Baker, 13 Bush, 514, this court said: "We entertain no doubt of the power of this court to compel clerks of courts to make out and deliver to unsuccessful litigants in such courts transcripts of the records of cases over the judgments in which we have jurisdiction, without the payment or security for the payment of the fees therefor." But it was in that case distinctly intimated that this court was not bound in every such case to exercise that power without regard to the facts and circumstances which have led to the application for its exercise; and it appearing the appellant, though legally insolvent, was able to pay for the transcript, and refused to do so only because, as he assumed, he had the legal right to the services of the clerk without paying him therefor before the delivery of the transcript, the rule was refused, the court using this language: "We will not aid him by summary process to enforce his legal right, but will leave him his legal remedy in the courts

of original jurisdiction, where any grievance he may have can be adequately redressed."

Section 745, Civil Code, provides that "an appeal shall not be granted, except within two years next after the right to appeal first accrued, unless the party applying therefor was then a defendant in the action and an infant not under coverture; or of unsound mind; or a prisoner who did not appear by his attorney—in which cases an appeal may be granted to such parties, or their representatives, within one year after their deaths or the removal of their disabilities, whichever may first happen."

In this case the appeal was granted by the lower court at its November term, 1883, but no transcript was filed in the office of the Clerk of the Court of Appeals twenty days before the first day of the second term of said court next thereafter, as required by section 738, nor was a copy of the judgment filed in the office of the Clerk of the Court of Appeals, and an appeal granted by him until August, 1886, more than two years after the right of appeal first accrued, nor has there been a motion made in the Court of Appeals to extend the time of filing the transcript, which might have been granted in view of the delay of the lower court to sign and make the bill of exceptions part of the record, which was, however, done before the expiration of two years.

The language of the Code is plain that an appeal shall not be granted except within two years next after the right to appeal first accrued; and as the appellant was the plaintiff in the action, the saving clause of section 745 does not apply to him, and, consequently,

the appeal was improperly granted to him August 20, 1886.

In the application for the rule against the clerk made by the appellant September 5, 1887, more than a year after the appeal was granted by the clerk of this court, it was not stated that two years had expired when the appeal was granted, but simply that a copy of the judgment had been filed "some time last summer," which was not true, and the clerk had failed and refused to make out a transcript of the record in the case.

In the response by the clerk, the attention of this court has been for the first time called to the date when the right to appeal first accrued, and to the fact the appeal was improperly granted. And, although the refusal of the clerk to furnish the transcript is not placed upon the ground that appellant did not tender him the legal fee for his services, but upon the ground the time had expired within which he had the right to prosecute the appeal, still, we think, he has presented a state of case where he has the right to require the payment of his fees before furnishing the transcript; and as it does not appear, nor is stated by appellant, he has offered to pay the clerk for his services, we are satisfied this court, even if it had the power to do so, should not enforce the rule which might involve fine and imprisonment, but leave appellant to seek redress for any wrong done him by suit upon the official bond of the clerk. For, as the record before us stands, a transcript, even if furnished, would not avail him, or give to this court jurisdiction of the case.

The rule against the clerk is, therefore, discharged.