## SHERWOOD *v.* DUNBAR.

The entering a discharge of a mortgage, by the mortgagee, does not, of itself, discharge the debt, but only the security.

In an action for contribution, between joint obligors, the Statute of Limitations does not begin to run until after the payment of the debt by the plaintiff.

Where the payment was made by plaintiff, by a settlement of accounts with the payee of the note, the statute only begins to run from the date of the appropriation of money due by the payee to the plaintiff, to the payment of the note.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The plaintiff brought his action April 8th, 1854, to recover one half of the amount due by plaintiff and defendant, on a note by them jointly made as co-partners to S. J. Field, and paid by plaintiff. The note was executed October 30th, 1850; $35 was afterwards paid on it by defendant, and subsequently $800 was paid from the proceeds of the joint property of plaintiff and defendant, originally mortgaged to Field to secure the note, the mortgage being "satisfied and discharged" by Field to effect the sale.

The residue of the principal and interest due on the note to April 10th, '52, was paid by plaintiff alone, by a settlement of accounts made on that day between plaintiff and Field, Field at that time owing the plaintiff money for services previously performed.

The defendant, in his answer, sets up the discharge of the mortgage as a discharge of the debt, and denies his obligation to contribute to its payment; he also pleads the Statute of Limitations, alleging that more than two years had elapsed between the payments made by plaintiff to Field and the commencement of this action.

On the trial the Court below refused the instructions asked for by plaintiff and set forth in the opinion of this Court, and the jury, under the instructions of the Court, found a verdict for defendant, on which judgment was entered accordingly, from which plaintiff appeals.

*Stephen J. Field* for Appellant.

This action being upon a liability founded upon an instrument in writing, is not barred until the lapse of four years; but this action was brought within two years.

The satisfaction of the mortgage was only *prima facie* evidence of payment of the debt, capable of being rebutted by direct evidence of its non-payment.

*L. Sanders, Jr.* for Respondent.

The note had been extinguished, and could no longer be the foundation of an action. This action is based on an implied assumpsit by one partner to contribute his share to the payment made by his co-partner. The payments were antecedent to the settlement, which was made within two days of two years before this action was commenced.

The "satisfaction and discharge" of a mortgage is a different thing from its release.

The satisfaction in full, of a mortgage, is *ex vi termini*, a discharge of the debt secured by it : for the mortgage is, of itself, an acknowledgement of the debt it secures, and its *satisfuction* can only be construed to mean the payment of the debt. Our statute provides for the recording of *releases* of mortgages, which are instruments under seal.

A *satisfaction* is a simple contract not under seal, and its entry on the mortgage is a notice that the debt is paid, by which the mortgagee is estopped.

Mr. Justice TERRY delivered the opinion of the Court. Mr. Justice HEYDENFELDT concurred.

This is an action by one of the makers of a joint and several promissory note, against his co-maker for contribution.

Plaintiff and defendant executed their joint and several promissory note, in favor of S. J. Field, for the sum of $1,552, with interest secured by mortgage on certain property. Field assigned the note and mortgage to one Benham. Afterwards, to enable the parties to sell said property, Field and Benham entered a satisfaction and discharge of the mortgage on the record, though the debt was not paid. The property mentioned in the mortgage was sold for $800, which was paid to Benham and credited on the note. Plaintiff advanced money and performed labor for Field in the years 1851 and 1852. On the 10th of April, 1852, a settlement was had between the plaintiff and Field, and the amount due from Field to plaintiff was appropriated to the payment of said note, which was, at the time, cancelled and delivered to plaintiff on his executing a release of all demands against Field.

On the trial, plaintiff asked the Court to instruct the jury : 1st. That the entering a discharge of the mortgage, by the mortgagee, does not, of itself, discharge the debt, but merely the security. 2d. That the Statute of Limitations did not begin to run until the settlement between Field and Sherwood, and the execution of the release and delivery of the note to Sherwood.

These instructions were pertinent and legal, and should have been given as asked. The mortgage was merely a security for the note, and there is no doubt that a party can release the security without affecting the liability of the debtor on the note.

In the case of Fleming *v.* Parry, the Supreme Court of Pennsylvania held that "A bond and mortgage, taken for the same debt, though distinct securities, possessing dissimilar attributes, and subject to remedies which are as unlike as personal actions and proceedings *in rem*,

are, nevertheless, so far one, that payment of either discharges both, and a release or extinguishment of either, without actual payment, is a discharge of the other, *unless otherwise intended by the parties.* As it is competent for parties to adjust their securities, in the first place, to their mutual satisfaction, so they may alter and change them at pleasure—give up one and retain the other, or cancel all and substitute something new, provided no other interests have intervened to be affected by what they do."

The Statute of Limitations could only begin to run against the plaintiff's claim for contribution from the time his right of action accrued, which was not until the amount due him from Field was appropriated to the discharge of the note.

The judgment is reversed with costs, and the cause remanded.