[No. 14891. Department Two. — October 3, 1892.]

A. M. CLARK ET AL., APPELLANTS, v. PAUL P. AUSTIN ET AL., RESPONDENTS.

JOINT MORTGAGE — PAYMENT OF DEFICIENCY JUDGMENT — CONTRIBUTION — NOTICE OF CLAIM — SERVICE. — The right of a joint judgment debtor, who has paid upon a deficiency judgment, after a foreclosure sale, more than his share of the judgment, to enforce contribution or repayment from the other judgment debtors, by proceedings under section 709 of the Code of Civil Procedure, depends merely upon the condition that he must have filed with the clerk, within ten days after his payment of more than his proportion of the judgment, notice of his payment and claim to

contribution, and it is not necessary that he serve the notice filed with the clerk upon the parties from whom the contribution is sought within such period of ten days.

Id. — NOTICE OF MOTION FOR EXECUTION. — The judgment debtors against whom the contribution is sought are entitled to notice of a motion for execution of the judgment in favor of the person claiming the contribution.

APPEAL from an order of the Superior Court of Fresno County denying a motion to order execution to issue in favor of a joint judgment debtor claiming contribution from another joint judgment debtor.

The facts are stated in the opinion.

*Craig & Meredith,* for Appellants.

*Richards & Welch,* for Respondents.

VANCLIEF, C. — Action to foreclose a mortgage. The defendants Austin, E. K. Clarke, and Bruce Cavitt were jointly liable to the plaintiffs for the mortgage debt, but as between each other, Austin was bound to pay only one half, Clarke one third, and Cavitt one sixth. Before judgment, Clarke paid his portion, — one third of the debt, viz., $4,065, — and a decree of foreclosure passed for the unpaid portion of the debt, ordering a sale of the mortgaged premises, and that a joint judgment be docketed against Austin, Clarke, and Cavitt for any deficiency of proceeds of sale to pay the debt. The sheriff sold the mortgaged property and returned a deficiency of $7,913, for which a judgment was docketed as per order of the court. It appears that on May 12, 1891, Clarke paid $4,025.60 of this judgment, in addition to his payment of one third of the whole debt before judgment, and, also, that full satisfaction of the judgment was entered on the same day, but it does not appear when or by whom the balance of the judgment was paid.

Clarke claimed the benefit of the judgment to enforce contribution or repayment from Austin to him of the full sum — $4,025.60 — paid by him on the judgment, under section 709 of the Code of Civil Procedure, and within ten days after his payment of this sum, filed with

the clerk of the court in which the judgment was dock-
eted the following notice: —

"NOTICE OF PAYMENT.

"To A. C. Williams, Esq., County Clerk of Fresno
County.

"You will please take notice that the defendant E. K.
Clarke did on this twelfth day of May, 1891, pay to the
plaintiffs $4,025.60, and that said payment was more
than the due proportion of the judgment herein which
said defendant Clarke ought to pay in the whole of said
sum so paid, to wit, $4,025,60, and that he claims that
he has the right to contribution and repayment from the
defendant Paul P. Austin, and that he is entitled to the
benefit of the said judgment against said Austin in said
sum of $4,025.60.

"You are requested to enter this claim upon the judg-
ment docket.            CRAIG & MEREDITH,
          "Attorneys for Defendant E. K. Clarke."

Thereupon the clerk made the following entry in the
margin of docket of the judgment: —

"The defendant E. K. Clarke has filed with me no-
tice of his claim to repayment from defendant Paul P.
Austin of $4,025.60, being more than his due propor-
tion, and he claims the benefit of the judgment herein
against said Austin.

  "Attest:                A. C. WILLIAMS, Clerk.
                  "By L. R. WILLIAMS, Deputy.
 "May 12, 1891."

Neither this entry nor the notice filed with the clerk
was served on Austin or Cavitt.

On June 6, 1891, Clarke served, by mail, on Austin
the following notice and affidavit: —

(Title of court and cause.)

"NOTICE OF MOTION.

"You will please take notice that on Wednesday, the
twenty-fourth day of June, 1891, at the hour of ten
o'clock, A. M., in the court-room of department 2 of

said court, in the county court-house of said county, the defendant E. K. Clarke will move the court to order execution to issue herein in favor of defendant Clarke, and against the defendant Austin, on the ground that the defendant Clarke has paid more than his due proportion of the judgment herein.

"Said motion will be made upon the affidavit of defendant Clarke, a copy of which is herewith served, and upon the papers and pleadings on file and the entries in the record of this cause.

"CRAIG & MEREDITH,
"Attorneys for Defendant Clarke."

(Title of court and cause.)

"AFFIDAVIT OF DEFENDANT CLARKE.

"E. K. Clarke, being sworn, says that he is one of the defendants in the above-entitled cause; that the consideration upon which the defendants Austin, Cavitt, and the affiant became liable to pay the note and mortgage mentioned in the judgment herein was as follows:—

"The defendant Griffith did, on or about the first day of September, 1889, sell and convey to the three last-named defendants the land described in said judgment in the following proportion: one half thereof to the defendant Austin, one third to this affiant, and one sixth to the defendant Cavitt. And the said three defendants furnished, and agreed with each other to furnish, the consideration moving to the said Griffith in the same proportion. A portion of said consideration was the assuming by said grantees of the mortgage described in said judgment; that the residue of said consideration was the assignment to said Griffith of an interest in a certain patent right to manufacture ice-machines.

"That said patent right was owned by said three defendants in said proportion.

"That afterwards, on or about the first day of December, 1889, this affiant paid to the said plaintiff the sum

of $4,065, and said sum was one third of the amount then due on said note and mortgage.

"That afterwards, on the twelfth day of May, 1891, this affiant also paid to the plaintiff, on account of the judgment herein, the sum of $4,025.60.

"That neither Austin nor Cavitt has paid to this affiant any part of said last-named sum.

"That the defendant Austin has not, nor has the defendant Cavitt, paid the plaintiff any part of said note or mortgage.

"That the defendant Griffith did, on the twelfth day of May, 1891, procure and cause to be entered a satisfaction, in full, from the plaintiff McKenzie, of said judgment."

It appears that the motion was heard on the foregoing papers and the judgment roll and docket entries in the foreclosure action, and that the motion was denied. But the record does not show whether or not Austin appeared at the hearing, though it is asserted by counsel for appellant, and not denied, that he did.

Clarke brings this appeal from the order denying his motion.

It is true that the right of Clarke to enforce contribution by proceedings under section 709 of the Code of Civil Procedure is made to depend upon the condition that he must have filed with the clerk, within ten days after his payment of more than his proportion of the judgment, "notice of his payment and claim to contribution or repayment." It is also true that Austin was entitled to notice of Clarke's motion for execution upon the judgment. But it was not necessary, as contended by respondent, that the notice filed with the clerk should have been served on Austin within ten days after Clarke's payment of more than his proportion of the judgment, as this is neither expressly nor impliedly required by the section of the code authorizing the proceeding. The only purposes of filing the notice with the clerk are to authorize and to enable him to make the proper entry

in the margin of the docket. Without such notice, the clerk would have neither the authority nor the ability to make the proper docket entry. Some *dicta* apparently inconsistent with this view are to be found in *Davis* v. *Heimbach*, 75 Cal. 262. In that case, however, execution was ordered and issued without notice to the parties against whom it was issued. The lower court quashed the execution; and this court affirmed the order, saying: "The order directing the execution having been without notice, the proceedings were properly vacated." This is all that was *decided* in *Davis* v. *Heimbach*, 75 Cal. 262.

It is contended by respondent that upon the showing made at the hearing, Austin was not bound to contribute to Clarke the sum claimed, — $4,025.60, — but I think this is a mistake. From the *data* furnished, I cannot figure Austin's liability to Clarke to be less than the sum demanded. But however this may be, the whole matter may be properly estimated and adjusted upon a rehearing of the motion.

I think the order should be reversed, and the cause remanded for further proceedings.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed, and the cause remanded for further proceedings.

SHARPSTEIN, J., DE HAVEN, J., McFARLAND, J.

Hearing in Bank denied.