[No. 18419.    Department One.—December 20, 1895.]

# CHARLES RICHTER, RESPONDENT, v. A. HENNING-SAN, APPELLANT.

CORPORATIONS—INTEREST OF STOCKHOLDERS.—A stockholder in a private corporation for profit is not in any proper sense the owner of the property of the corporation; but he has a direct interest in the corporation, and a right to participate according to the amount of his stock in the surplus profits on a division, and ultimately, on its dissolution, in the assets remaining after payment of its debts.

ID.—TAX UPON DISTILLERY BUSINESS—LIABILITY OF STOCKHOLDERS—CONTRIBUTION.—Under the law of Congress, the stockholders of a corporation engaged in the use of a distillery are all jointly and severally liable for the tax imposed upon the corporation under section 3241 of the Revised Statutes, and, being jointly and severally liable for such tax, are liable to contribute their proportion to other stockholders, who have paid the tax in full for which all are liable.

ID.—RIGHT TO CONTRIBUTION — STATUTE OF LIMITATIONS.—A co-obligor acquires a right to contribution as soon as he pays more than his share of obligation, but not until then; and, consequently, the statute of limitations does not begin to run until such payment is made; and the liability of a co-obligor to contribution, where not founded upon an instrument in writing, is governed by the first subdivision of section 339 of the Code of Civil Procedure, and is barred in two years.

ID.—FINDINGS—IMMATERIAL OMISSION.—A failure to find upon a plea of the statute of limitations is not material where the other facts found are sufficient to support the judgment, and are not assailed for insufficiency of evidence.

ID.—PRACTICE—ADDITION TO FINDINGS—CONCLUSION OF LAW—IMMATERIAL ERROR.—After the findings have been filed, and a judgment entered

thereupon, the court cannot properly cause to be filed an omitted find-
ing upon the statute of limitations; and the judgment should not be
reversed upon that ground where a finding upon that issue is but a con-
clusion of law from the other facts found.

APPEAL from a judgment of the Superior Court of
Fresno County.   J. R. WEBB, Judge.

The facts are stated in the opinion of the court.

*Sayle & Coldwell*, and *W. P. Thompson*, for Appellant.

The obligation of the stockholders of the Fruitvale
Wine and Fruit Company to pay the tax upon the spir-
its distilled by that company is imposed by section 3251
of the Revised Statutes of the United States, if it exists
at all, and it is a primary liability for which the com-
pany and all of its stockholders are jointly and severally
bound.   It is an obligation that arises by operation of
law.   (Civ. Code, sec. 1428.)   The right of one stock-
holder to require contribution from another, if it exist
at all, is fixed by the Civil Code, section 1432.   A joint
obligor not a party to the judgment is not bound by a
judgment against his co-obligor.   (Code Civ. Proc., sec.
1912; 2 Black on Judgments, secs. 573, 574, 591; Brandt
on Suretyship and Guaranty, secs. 524, 525, 529; *Irwin
v. Backus*, 25 Cal. 214; 85 Am. Dec. 125; *Commercial
etc. Assur. Co.* v. *American Ins. Co.*, 68 Cal. 432; *Tay* v.
*Hawley*, 39 Cal. 93.)   The findings do not support the
judgment, for the reason that there are no findings upon
defendant's pleas of the statute of limitations.   The
finding on this issue, filed on the 28th of August, 1894,
after judgment had been entered on the other findings,
and without notice to, or an appearance by, the appel-
lant, was without authority of law.   (Code Civ. Proc.,
secs. 632, 633; *Van Court* v. *Winterson*, 61 Cal. 615; *Con-
nolly* v. *Ashworth*, 98 Cal. 206.)   Appellant's liability was
barred at the time plaintiff's assignor paid the amount
for which he asks contribution; therefore, it was not
appellant's obligation, and it follows that plaintiff can-
not acquire contribution of him.   (*Stone* v. *Hammell*, 83
Cal. 551; 17 Am. St. Rep. 272; Code Civ. Proc., sec. 338.)

*George B. Graham,* for Respondent.

Where several persons are jointly and severally bound
for the payment of a sum of money, and suit is brought
before the statute has fully run, and one of the parties
is compelled to pay the debt by virtue of a judgment
and execution in such action, the person so paying is
entitled to his action against the others for contribution,
and such suit may be brought at any time within two
years from the date when such person paid the judg-
ment. (*Sherwood* v. *Dunbar,* 6 Cal. 53; 4 Am. & Eng.
Ency. of Law,. 3, note when statute of limitations
begins to run, and cases cited.) The lower court was
justified in filing the findings after entry of judgment,
which were included in the oral announcement of the
decision and entered in the minutes of the court,
but inadvertently omitted from the findings first filed.
(*Hayes* v. *Wetherbee,* 60 Cal. 396.)

THE COURT.—This is an action to enforce contribu-
tion by defendants as stockholders in the Fruitvale
Wine and Fruit Company, a corporation organized and
existing under and by virtue of the laws of the state of
California, on account of money paid by the assignor
of plaintiff upon a judgment against the stockholders
in said corporation, and in favor of the United States,
for eighteen hundred and twenty-seven dollars and
forty cents, due to the United States as a balance on
a tax of ninety cents per gallon upon the distillation
of five thousand five hundred and eighty-six gallons of
brandy and spirits by said corporation, between August
1, 1887, and September 22, 1887, which judgment is
averred to have been paid February 2, 1892, by the
First National Bank of Fresno, a corporation organized
and existing under the laws of the state of California, a
stockholder in the corporation first named, and one of
the defendants and judgment debtors in said judgment
in favor of the United States. Plaintiff, as the assignee
of said First National Bank of Fresno, had judgment in
the court below against sundry of the defendants herein,

and against the defendant L. A. Blasingame, for two hundred and thirteen dollars, from which judgment said Blasingame alone appeals.

The cause comes up on the judgment-roll, without a statement or bill of exceptions. Appellant contends that the complaint does not state facts sufficient to constitute a cause of action against him, and that the findings of the court are not sufficient to support the judgment.

So much of the complaint as is necessary to illustrate the point made by appellant may be epitomized as follows: 1. The "Fruitvale Wine and Fruit Company" was a California corporation; 2. Defendant (appellant here) was a stockholder in said corporation, and the owner of ten shares of its corporate stock out of one hundred and forty-one shares issued; 3. The corporation distilled five thousand five hundred and eighty-six gallons of brandy and spirits, upon which it was liable to pay to the government of the United States a tax of ninety cents per gallon, and which amounted in the aggregate to five thousand and twenty-seven dollars and forty cents; 4. In 1890 the United States of America brought an action in the circuit court of the United States, ninth circuit, southern district of California, against the First National Bank of Fresno, and certain others, all stockholders in said corporation, to recover from them said tax; 5. The corporation was insolvent and had no property; 6. The United States recovered judgment for two thousand one hundred and sixty-three dollars and two cents; 7. On January 2, 1892, an execution issued on said judgment, and was about to be levied upon the property of said bank, defendant, when it paid the judgment, and assigned its claim, or right to contribution by the other stockholders, to the plaintiff and respondent herein; and 8. It does not affirmatively appear that appellant was a defendant in said action by the United States.

The question is, Does the foregoing statement show a liability for his proportion of the tax, upon the part of

the appellant, either under the laws of the United States or under the constitution and laws of the state of California?

So much of the act of Congress of 1872 as bears upon the subject is to be found in the latter part of section 3251 of the Revised Statutes of the United States, and is as follows: "Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom," etc.

A stockholder in a private corporation for profit is not in any proper sense the owner of the property of the corporation as such. He has, however, a direct interest in the corporation. In *Plimpton* v. *Bigelow*, 93 N. Y. 592, it was said: "The right which a shareholder in a corporation has, by reason of his ownership of shares, is a right to participate according to the amount of his stock in the surplus profits of the corporation on a division, and ultimately on its dissolution, in the assets remaining after payment of its debts." *Gibbons* v. *Mahon*, 136 U. S. 549, and *Kohl* v. *Lilienthal*, 81 Cal. 378, are to like effect.

A stockholder has an insurable interest in the property of the corporation. (*Riggs* v. *Commercial Mut. Ins. Co.*, 125 N. Y. 7; 21 Am. St. Rep. 716; *Warren* v. *Davenport etc. Ins. Co.*, 31 Iowa, 464; 7 Am. Rep. 160.)

At common law a stockholder in a corporation, on account of his interest, was not a competent witness for the corporation in an action against it, or to serve as a judge or juror where the corporation was a party.

We must not confound the liability of a stockholder in a corporation, under the law of its creation, with that imposed upon him by the act of Congress. His liability under the latter is quite independent of the former, and is just what the act of Congress has imposed upon him.

That liability under the law applies not only to every proprietor and possessor of a still, but also to "*every per-*

*son in any manner interested in the use of any still, distillery, etc.,"* and makes them all jointly and severally liable for the tax. So far as we know this particular provision of the act has not received an interpretation by the supreme court of the United States.

In 1876 the acting secretary of the treasury addressed to the attorney general of the United States this precise question in the following language: "Is a stockholder in a distilling corporation, not otherwise liable for the debts of the corporation beyond the amount of his stock therein, made individually liable therefor by the provisions of section 3251 of the Revised Statutes, and can his individual property, in no way connected with the business of such corporation, be seized and distrained for taxes due on spirits produced by it?"

The answer was: "I am of the opinion that the section cited does include stockholders of private corporations engaged in distilling for gain," etc. The opinion proceeds to argue that stockholders are included in the expression "every person in any manner interested," and are therefore jointly and severally liable for the tax. (Opinions of Attorneys General, vol. 15, p. 559.)

A similar opinion may be found in volume 16 at page 10, where it was held that being jointly and severally liable under the provisions of section 3251 of the Revised Statutes for the taxes imposed upon the spirits manufactured by the corporation, stockholders therein could not be accepted as sureties upon a bond required of the corporation by another section.

These opinions, while not conclusive, are valuable as serving to show the interpretation given to the section of the Revised Statutes under consideration by the department of justice of the federal government. Like considerations apply to the ruling of the circuit court, in holding the stockholders liable for the tax due from the corporation in the case which serves as a predicate for this action.

We are of opinion the stockholders in the corporation had such an interest in the use of the distillery as ren-

dered them jointly and severally liable for the tax upon the spirits distilled therein, within the purview of section 3251 of the Revised Statutes, and hence that the allegations of the complaint stated facts sufficient in that respect to constitute a cause of action against them, and that the facts as found by the court which affirm these allegations were sufficient in that respect to support the judgment.

In the absence of any statement or bill of exceptions we must infer in favor of the judgment that there was evidence in support of every material fact found by the trial court, and hence we cannot assume that the judgment in the circuit court against the bank and others was accepted by such trial court as conclusive evidence that defendants in this action, who were not parties to the original suit in the circuit court, were bound by the judgment therein, but, on the contrary, we must presume that the evidence established their liability precisely as charged in the complaint and found by the court, which, as we have before observed, was sufficient to establish the liability of the defendant here.

The cause of action against these defendants is not based upon the judgment against the bank and others, but upon the fact that the Fruitvale Wine and Fruit Company, a corporation, owned, possessed, and operated a distillery, manufactured distilled spirits, upon which there was a tax due to the government of the United States, and that these defendants, as stockholders in said corporation, were *interested therein,* and hence liable under the statute. These facts, being charged and found, establish their liability. Being jointly and severally liable, defendants are liable to contribute their proportion to their co-obligors who have paid the demand for which all were liable.

The appellant, in his answer, pleaded the statute of limitations, and in his brief urges that " the findings do not support the judgment, for the reason that there are no findings upon defendant's plea of the statute of limitations." In the findings as originally prepared, and

upon which the judgment was entered, there was no finding upon the statute of limitations, but several weeks after the entry of the judgment, the court, by an *ex parte* order, and upon the ground that it had inadvertently omitted them, made, and caused to be filed, findings upon this plea. This practice was unauthorized, and, it may be conceded, was erroneous, but it does not follow that the judgment should be reversed on that ground. The judgment does not depend upon these findings, but finds its support in the findings which were originally filed. The appeal is brought here upon the judgment-roll alone, without any bill of exceptions, and the facts found by the court show of themselves that the action is not barred by limitation, and any finding that the court would have upon this plea must have been adverse to the defendant. A formal finding to that effect, in the absence of all the evidence upon which the facts found are based, would be but a conclusion of law, and, whether given or omitted, would not constitute reversible error.

The findings show that the demand of the United States was paid by the First National Bank of Fresno, the assignor of plaintiff, on the third day of February, 1892. The present action was brought August 18, 1892, less than two years thereafter.

"A party acquires a right to contribution as soon as he pays more than his share, but not until then, and, consequently, the statute of limitations does not begin to run until then." (2 Parsons on Contracts, 8th ed., 37, and cases there cited; *Sherwood* v. *Dunbar*, 6 Cal. 53.) The liability of a co-obligor to contribution, where not founded upon an instrument in writing, is governed by the first subdivision of section 339 of the Code of Civil Procedure, and is barred in two years.

The judgment appealed from is affirmed.