CASE 88—ACTION AGAINST ADMINISTRATOR AND HEIRS FOR CONTRIBU-
TION—MAY 7.

# Hudson's Admr's v. Combs.

### APPEAL FROM BREATHITT CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND ADMR'S OF HENRY HUDSON, APPEAL—
AFFIRMED ON ORIGINAL AND REVERSED ON CROSS APPEAL.

JUDGMENT—PRESUMPTION AS TO NOTICE—CLAIM AGAINST DECEDENT'S
ESTATE—WAIVER OF DEMAND—SURETIES IN SHERIFF'S BOND—
HOMESTEAD—CONTRIBUTION.

Held:   1. Where a surety in a sheriff's bond, who has satisfied a
judgment against him and his co-sureties, sues a co-surety for
contribution, the burden is on defendant to show that he had
no notice of the action in which the judgment was rendered.

2. An administrator, by joining issue in an action against him
on a claim against his intestate, and preparing the case on its
merits without objection, waived his right to have a dismissal
of the action for the failure of plaintiff to make demand, ac-
companied by proper affidavit, before bringing suit, and it was
then only necessary to make the affidavit before entry of judg-
ment.

3. A surety in a sheriff's bond is not entitled to the exemption of a homestead as against a judgment on the bond in favor of the Commonwealth, and is therefore not entitled to the exemption as against the claim of a co-surety for contribution on account of the payment of such judgment.

4. Where one of three sureties in a sheriff's bond paid a judgment against them on the bond, he was entitled to recover of one of the other sureties only one-third of the amount paid, the third surety having sufficient property to satisfy his proportion of the debt.

JUDGE GUFFY DISSENTS IN PART.

MARCUM & POLLARD, ATTORNEYS FOR APPELLANTS.

One Joseph Little and appellee Combs were sureties on the official bond of H. D. Back as sheriff of Breathitt County, for the year 1882, and the appellee now claims that Henry Hudson, ancestor of appellants, was also surety on said bond. He claims the judgment on said bond in favor of the Commonwealth was rendered in the Franklin Circuit Court against Hudson and himself, and the other surety for a certain sum of money, and that he was compelled under execution to pay this judgment, and asks now that Hudson's estate ought to be required to contribute to him. It does not appear in the petition when the judgment was rendered, but it is disclosed in the petition that Hudson died in 1883.

On February 15, 1889, appellee brought this suit against the administrator and heirs to settle the estate of Hudson. He alleges that by reason of the payment of the execution aforesaid the estate of Hudson is indebted to him in the sum of $787.50, being one-half the sum paid by him, with interest, and alleges that Hudson at his death owned certain land which he describes, and ask for a settlement of the accounts of decedent and a sale of the land to pay the debts of the decedent. Appellants in their answer alleges that their ancestor did not sign the sheriff's bond, and same was not his act and deed. Appellee insists that this plea is not available after the judgment in the Franklin Circuit Court, but it should have been made to the original action. Appellants allege in their answer that their ancestor had no notice of this suit in the Franklin Circuit Court, and claim they can make any defense now as might have been made then. This allegation is denied, but we claim the burden is on the plaintiff to establish notice. The appellants further claim that the sheriff's bond is void because not taken in time. They further claim that no demand was made for this debt of the personal representative before bringing this suit.

Hudson's Admr's v. Combs.

## AUTHORITIES CITED.

Gen. Stats. sec. 8. chap. 104; chap. 92, art. 8, sec. 3; Com. v. Yarborough, 84 Ky., 496; Calloway v. Com., 4 Bush, 383; Dawson v. Lee, 83 Ky., 49; Kimble v. Cummins, 3 Met., 327; 15 B. M., 134; 7 Bush, 301; Warfield v. Gardner, 79 Ky., 583; Gen. Stat., chap. 39; 13 Bush, 424; 3 Rep., 505; 96 Ky., 684; 16 R. 719, 15 R. 653; Civil Code, secs. 429, 430; Smith v. Cockran, 7 Bush, 555; Civil Code, 122; Laidley v. Cummings, 83 Ky., 606.

J. J. C. BACH, ATTORNEY FOR APPELLEE.

The appellee in his answer herein relies on the following defences:

1. That their ancestor never signed the bond.
2. That appellee had not paid the judgment.
3. That Back had paid the full amount of the judgment to appellee.
4. That appellee had accepted from Back a mortgage on a tract of land as indemnity.
5. That Back and Little are solvent.
6. That no demand was made of the administrator before suit.

These allegations were all controverted by the reply.

The contention of the appellee in this case is as follows:

## POINTS AND AUTHORITIES.

1. The statute requiring a creditor to present his claim properly proven to the administrator in order to entitle him to interests in his demand after the death of the decedent does not apply to the Commonwealth; Arnold v. Commonwealth, 80 Ky., 135. Nor does it apply to claims arising after the death of the decedent. Berry et al. v. Graddy, admr., 1 Met., 553.
2. No lien attaches to the property of a surety on a sheriff's bond for the collection of the State revenue unless the bond was taken as required by law. Hall v. Commonwealth, 8 Bush, 378; Perdue v. Huff, 12 Ky. Law Rep., 782.
3. A judgment may be rendered against a defaulting sheriff and his sureties on his revenue bond, after notice has been mailed to them as provided by statute. Perdue v. Huff, 12 Law Rep., 782.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING, ON ORIGINAL APPEAL AND REVERSING ON CROSS APPEAL OF W. M. COMBS.

H. D. Back, as sheriff of Breathitt county, executed bond for the collection of the State revenue for the year 1882, with W. M. Combs, H. D. Hudson, and Joe Little

as his securities. He failed to pay $1,315.55 of the State taxes, and for which amount suit on his bond in the Franklin Circuit Court was brought, and a judgment was rendered against him and his securities by default for this amount on the 1st day of April, 1883, with interest at 10 per cent. and $4.15 costs. After the entry of this judgment, and before the issue of execution thereon, Hudson died, and on the 23d day of January, 1884, an execution was issued on the judgment, which was directed to the sheriff of Breathitt county, and appellee Combs' property to the amount of $1,575 was sold by the sheriff to satisfy it. In February, 1889, he instituted this action against the administrators and heirs of Henry Hudson for contribution as co-security, and alleged that at the time of his death he owned a tract of land, which was specifically described, and prayed that it should be sold to satisfy one-half the amount paid by him as security upon the bond of Back, which was alleged to be $787.50. It was also alleged that both Back and Little, the other security, were insolvent. The defendants answered, and pleaded: First, that their ancestor never executed the bond, and had no notice of the pendency of the suit in the Franklin Circuit Court; second, that Back had paid the full amount of the judgment to appellee, and that the other security, Little, was solvent; third, that no demand was made of the administrator of decedent before the institution of the suit. And in an amended answer, which was filed some years after the institution of the suit, it was alleged that plaintiff had received $800 from Back on the 28th of December, 1896, and with which sum the amount paid by him on judgment should be credited. This averment was not denied. The circuit judge rendered a judgment in favor of appellee for $88, with interest from the 15th of

February, 1889, the date of the institution of the suit, and from that judgment both parties have appealed.

Appellants claim that under section 8, c. 104, General Statutes, they are not precluded from making any defense which might have been made to the suit in the name of the Commonwealth. This allegation is denied. The legal presumption is that every step necessary to the rendition of the judgment had been properly taken; and, when this fact was challenged or denied, clearly the burden rested upon appellants to establish their contention that they had no notice of the suit of the State against Back and securities.

The next point relied on is that no demand was made of the personal representatives of decedent before the institution of this suit. The motion of appellants to dismiss appellee's petition because no demand, accompanied by proper affidavits, was made to the administrator for the payment of the debt sued on before the institution of the suit, was not made until the second day of March, 1897, several years after the institution of the suit, and after the case had been fully prepared for submission; and the testimony clearly shows the justice of the claim. By joining issue and preparing the case on its merits without objection, appellants had waived their right to require a dismissal of the suit at the time the motion was made. It was then only necessary that the affidavit should be made before the entry of a judgment. See Worthley v. Hammond, 13 Bush, 516; Perry v. Seitz, 2 Duv., 122; Usher v. Flood (Ky.) 17 S. W., 132. (12 Ky. L. R., 722). The necessary affidavit was incorporated in the petition, and the motion to dismiss was properly overruled.

The appellee, W. M. Combs, has prosecuted a cross appeal, and claims that the circuit judge erred in holding

that Joe Little, the third security, was solvent, and that for this reason he was not entitled to recover his proportion of the judgment from appellants. He also complains that, even if the circuit judge was right on this question, he is still entitled to a judgment in a much larger sum against appellants than $88. The testimony shows that Joe Little had no personal property, but that he owned and was in possession of a tract of land, which was occupied by him as a homestead, which was more than sufficient to have discharged his proportion of the debt sued for; and section 4176 of the Kentucky Statutes provides, viz.: "That judgment in the name of the Commonwealth or county against sheriffs and other public collectors, their sureties or their heirs, devisees or personal representatives or any of them, shall bind the estate, legal or equitable, of all the defendants to said judgment from the commencement of the action or motion till satisfied." And it was held by this court in the case of Com. v. Cook, 71 Ky., 220, that the homesteads of sureties of a sheriff were liable to an execution in favor of the State which issued on a judgment rendered against the sheriff and his sureties for public dues; and this rule has been followed by this court in a number of subsequent adjudications. Under the rule laid down in these cases, the State could have levied upon the homestead of Little, and subjected it to its judgment; and, as appellee has been compelled to pay not only his proportion of the judgment due the State, but also Little's proportion, he was entitled to be subrogated to all of its rights and remedies in a suit against Little for contribution for his *pro rata* of such judgment; and the homestead of Little was liable to the payment of his contributable share of such judgment. It therefore

follows that, in so far as this debt was concerned, Little was solvent, and that appellee was only entitled to recover from Hudson's estate one-third of the amount paid by him in satisfaction of the execution due to the State, after crediting the execution so paid with $800 collected by him from Buck on the 21st of December, 1896, with 6 per cent. interest from the time he paid the debt to the State. No explanation is made as to how the circuit judge arrived at $88 as the amount due appellee at the date of the institution of this suit. We think it is manifest that Combs was entitled to a judgment for a larger amount. For the reasons indicated, the judgment is affirmed upon the original appeal of Hudson's administrators, and reversed on the cross appeal of W. M. Combs, and remanded for proceedings consistent with this opinion.

Judge Guffy dissents from so much of this opinion as holds that the homestead of Little was liable to the claim of Combs for contribution.