[No. 4672.]

McAllister v. The Estate of Irwin.

1. **Estates of Decedents—Contribution Between Sureties—Jurisdiction.**

    The county court has jurisdiction to hear and determine the claim of a surety, who has discharged an obligation, against the estate of a deceased cosurety for contribution.

2. **Principal and Sureties—Contribution—Insolvency.**

    A surety who discharges the obligation may enforce contribution from his cosureties so as to equalize the loss. Each surety is liable only for his pro rata portion of the whole amount paid calculated on the basis of the number of sureties, unless it appears that some of them are insolvent, in which event the solvent sureties are liable for their pro rata portion based on the number of solvent sureties.

*Error to the County Court of Lake County.*

Plaintiff in error filed his claim against the estate of Jeremiah Irwin, deceased. The claim was submitted upon an agreed statement of facts, which, so far as necessary to notice, are to the effect that the deceased, plaintiff in error, and Morgan H. Williams became sureties on the bond of an administrator. Such proceedings were thereafter had on this bond against plaintiff in error, that judgment was rendered against him. His co-obligor, Irwin, died intestate, and letters of administration were issued upon his estate. Plaintiff in error thereafter satisfied the judgment rendered against him on the bond, and then filed his claim against the estate for one-half of the amount paid out by him in satisfying such judg-

ment, together with one-half of the expenses incurred in the action against him. To this statement a demurrer was filed on behalf of the estate, which was sustained.

Mr. John Hipp, for plaintiff in error.

Messrs. Phelps & Pendery, for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court.

Counsel for the defendant in error contend that no claim can be allowed against the estate arising out of the obligation of the deceased as cosurety until a court of equity has determined the amount due from the estate, and then only for one-third of the amount paid by plaintiff in error, unless it be established that the other surety, Morgan H. Williams, is insolvent. The county court is vested with authority to hear and determine claims against the estate of deceased persons. The one of several sureties on an obligation who discharges the debt may enforce contribution from the estate of a deceased cosurety.—*McKenna v. George,* 2 Richardson's Eq. (S. C.) 15.

It does not appear that Morgan H. Williams, one of the sureties on the bond, is insolvent, or that any attempt has been made to enforce contribution from him. The one of several sureties discharging an obligation may enforce contribution from his cosureties so as to equalize the loss. He can recover from each of his co-sureties only the aliquot portion of the whole amount paid calculated upon the basis of the number of sureties, unless it appears that some of them are insolvent, in which event he may recover from each of the solvent ones the moiety of the whole debt, having regard only to the number solvent.—*Mills v. Hyde,* 19 Vt. 59; *Henderson v. McDuffee,* 5 N. H. 38.

According to the statement of facts, plaintiff was entitled to an allowance against the estate of deceased equal to one-third of the amount paid in satisfying the judgment, costs, and expenses incurred.

The judgment of the county court is reversed.

*Judgment reversed.*