## B. B. LARSON v. K. O. SLETTE.[1]

April 24, 1914.

Nos. 18,446—(34).

**Action for contribution — payment of joint note.**

One of two makers of a promissory note, who gives his personal note to the payee upon the maturity of the note, and the same is accepted as payment of it, and it is thereupon surrendered and discharged, may maintain an action for contribution against his comaker.

Action removed to the district court for Clay county to recover for money which plaintiff had been compelled to pay upon the joint notes of plaintiff and defendant. The case was tried before Taylor, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion for amended findings was denied. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Christian G. Dosland,* for appellant.

*A. O. Ueland* and *F. H. Peterson,* for respondent.

DIBELL, C.

Action to recover by way of contribution $3,483.69. Findings

1 Reported in 146 N. W. 1094.

for the plaintiff. Defendant appeals from the order denying his motion for a new trial.

On November 2, 1903, the Minnesota & Montana Cattle Co. executed its promissory note for $15,000 to the First National Bank of Fargo, due November 1, 1904. The plaintiff and the defendant, and several others, all stockholders of the cattle company, guaranteed its payment. When it became due the company was unable to pay it and soon afterwards went into bankruptcy. The guarantors, in order to make payment, borrowed $11,044.10 from the State Bank of Halstad, on separate notes. There was then left due the sum of $5,382.60. The guarantors had already borrowed from the State Bank of Halstad all that the law permitted. The plaintiff Larson and the defendant Slette induced. one Bergh and one Dahl each to borrow $2,500 from the State Bank of Halstad, and the two together to borrow $382.60, and loan it to them. The money received by Bergh and Dahl was loaned by them to Larson and Slette, and used by them in payment of the balance of the Fargo note, and they gave their notes to Bergh and Dahl. Neither Larson nor Slette was liable on the notes to the Halstad bank.

The court finds that Bergh and Dahl demanded the payment of notes executed by the plaintiff and the defendant to them, and that on November 30, 1907, the plaintiff executed to them his note of $6.997.38, which they accepted as payment, and that they surrendered the notes made by the plaintiff and the defendant.

The findings of the court are sustained by the evidence.

When the plaintiff gave his promissory note to Bergh and Dahl in full satisfaction of the notes executed by him and the plaintiff, and it was accepted as payment, and the old notes were surrendered and discharged, he was entitled to maintain an action against his comaker for contribution. Bausman v. Credit Guarantee Co. 47 Minn. 377, 50 N. W. 496; Stearns, Suretyship, 546; Childs, Suretyship, 300.

Order affirmed.