[Sac. No. 4573. In Bank.—September 27, 1932.]

M. H. MANUEL, Respondent, v. HICKS IRON WORKS et al., Defendants; JOHN T. SCOTT et al., Appellants.

Sterling Carr, F. P. Walsh, Charles S. Wheeler, Charles S. Wheeler, Jr., and Walter Slack for Appellants.

Edw. R. Solinsky and Charles P. Snyder for Respondent.

THE COURT.—This is an action by one of several guarantors of a promissory note, against the maker and other guarantors, to recover on the same after payment. On December 17, 1920, defendant Hicks Iron Works executed the note in question, for the sum of $12,881, to Portuguese American Bank of San Francisco, payable on demand. At the same time a guaranty was executed on the back of the

note by seven persons: Plaintiff Manuel, defendants Bandy, Scott, Demarest, Solinsky and Levy, and P. George Gow, now deceased. On February 25, 1922, the note was assigned to Pacific Securities Corporation, without recourse. It was not paid by the maker. Gow having died on June 8, 1921, a claim was presented against his estate. On December 7, 1922, plaintiff Manuel paid the entire amount of the principal and accrued interest, and took an assignment of the note from Pacific Securities Corporation, together with an assignment of the claim against the estate of Gow. On December 12, 1922, defendant maker executed to plaintiff a chattel mortgage upon certain of its property, as additional security; and on the same day, all of the other guarantors save the deceased Gow signed an agreement acknowledging their continued liability on the note.

On December 12, 1924, plaintiff commenced this action against the other living guarantors and Wells Fargo Bank & Union Trust Co., executor of the estate of Gow, seeking recovery of the principal and interest thereof, together with costs and attorney's fees. By amended complaint foreclosure of the mortgage was sought. A demurrer by defendant Scott was overruled, as was his motion to strike. Several other defendants filed answers. At the trial it appeared that the mortgaged property had no realizable value, and judgment was entered as follows: Against defendant Hicks Iron Works, maker of the note, for $26,211.44, principal and interest, and $1,000 attorney's fees; against the other guarantors and the executor of the estate of Gow, each for one-seventh of the amount of the said judgment. Defendants Scott and Wells Fargo Bank & Union Trust Co. appealed. The maker and the other nonappealing defendants are apparently insolvent.

It is contended by appellants that when plaintiff paid the note, the obligations represented by it and by the contract of guaranty were extinguished, and that plaintiff's sole remaining right against the other guarantors was upon their implied obligation to contribute in proportion to their liability, under the rule of such cases as *Yule* v. *Bishop,* 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094]; *Bailes* v. *Keck,* 200 Cal. 697 [254 Pac. 573]; Id., 200 Cal. 800 [254 Pac. 577]; *Marston Co.* v. *Fisheries Co.,* 201 Cal. 715 [258 Pac. 933]; *Booth* v. *Friedman,* 82 Cal. App. 174 [255 Pac. 222]. But

the action for contribution is not founded upon an instrument in writing, and the applicable statute of limitations is two years from the date of payment. (Code Civ. Proc., sec. 339, subd. 1; *Bray* v. *Cohn,* 7 Cal. App. 124 [93 Pac. 893].) The note was paid by Manuel on December 7, 1922, and this action was brought December 12, 1924. Hence, if this contention of defendants is correct, plaintiff's cause of action is barred.

Plaintiff takes the position, however, that he purchased the note, that no discharge thereof resulted, and that he brings this action on the note as a holder, in which case the statute of limitations is four years. Plaintiff concedes that he cannot escape his own obligation as to one-seventh of the amount due, and seeks to recover only this same proportion from the other guarantors.

The parties have discussed at length the question whether the rule of the cases of *Yule* v. *Bishop* and others cited above applies to guarantors as well as to joint obligors on the note, such as comakers. Conceding, without deciding, that it would apply in the ordinary case of payment by a guarantor, we are of the opinion that the special circumstances here leave no room for the implication that the note was extinguished by plaintiff's payment. The corporation was in difficulties and the other guarantors, with the exception of Gow, requested plaintiff to take over the note, which he did. It is clear, moreover, that all of the parties considered the transaction to be a purchase of the same and not a satisfaction and discharge. Three important facts appear in this connection. First, plaintiff received an assignment of the note and of the claim theretofore presented to the estate of Gow. Second, the corporation subsequently executed a chattel mortgage to plaintiff as additional security for the note. Third, at the time of the giving of the chattel mortgage, an agreement was executed, in which plaintiff was designated as party of the second part, and the other guarantors as parties of the first part. This agreement provides: " . . . the said party of the second part theretofore purchased and acquired the said promissory note expressly upon the promise and agreement upon the part of the parties of the first part that they would execute and deliver this agreement to the party of the second part. . . . The said parties of the first part do hereby promise and

guarantee the payment to the party of the second part of the monthly interest upon said promissory note at the time and in the manner as therein specified; and the parties of the first part do further promise, agree and guarantee that as to the principal of the said promissory note in the event that the same, or any part thereof, should not be paid by the said Hicks Iron Works as and when the same shall become due and payable that the said parties of the first part and M. H. Manuel shall together be and shall continue to be jointly and severally liable for the payment of the said entire principal sum, or such part thereof, as shall not be paid by the said Hicks Iron Works.''

Taken together, these facts are inconsistent with the view that the note was discharged when Manuel paid it. The record shows positively that the parties understood it to be a purchase. █ It is objected that the above agreement is not binding upon Gow because he was not living at the time it was signed. However, this suit is not upon the agreement but upon the note and guaranty; and the agreement is relevant only in tending to show that Manuel purchased the note, and if he did, then the estate of Gow is liable because of the original guaranty, irrespective of the agreement. █ Nor can we see any sound reason why a guarantor, whose liability is secondary (*Bank of Italy* v. *Symmes,* 118 Cal. App. 716 [5 Pac. (2d) 956]), and on a contract independent of the note itself (*Adams* v. *Wallace,* 119 Cal. 67 [51 Pac. 14]; *Murphy* v. *Hellman Com. T. & S. Bank,* 43 Cal. App. 579 [185 Pac. 485]), cannot purchase a note. Normally, perhaps, his payment would be construed as a satisfaction thereof, leaving him with only a right to contribution. But the record shows that this is not a normal case, and it fully sustains the conclusion of the lower court that the note was purchased by plaintiff.

The judgment is affirmed.

Rehearing denied.