[Civ. No. 8574. First Appellate District, Division One.—December 6, 1932.]

WILLIAM McINTOSH et al., Respondents, v. KATHERINE C. FUNGE, as Executrix, etc., Appellant.

SMITH LUMBER COMPANY OF SAN FRANCISCO (a Corporation), Respondent, v. KATHERINE C. FUNGE, as Executrix, etc., Appellant.

EUGENIA MASSAGLI et al., Respondents, v. KATHERINE C. FUNGE, as Executrix, etc., Appellant.

W. W. Funge, Jr., *in pro. per.*, Leo A. Cunningham and E. V. Knauf for Appellant.

Hartley F. Peart and Sylvester J. McAtee for Respondents.

KNIGHT, J.—This appeal was taken by the defendant, W. W. Funge, Jr., now deceased, from an order denying his motion to offset judgment and issue execution for an amount claimed to be due as repayment and contribution. (Sec. 709, Code Civ. Proc.)

The controversy arises out of the following facts: Appellant entered into a contract with the respondents, McIntosh Bros., for the construction of a building on appellant's lot, and after the work had progressed to a certain stage differences arose between appellant and the contractors, as a result of which appellant refused to allow the contractors to proceed further with the construction of the building; whereupon the contractors filed an action for damages against appellant for alleged breach of contract. In the meantime two subcontractors, Smith Lumber Company and G. Massagli & Co., filed liens against the property for materials furnished and work performed, and later brought actions to foreclose said liens. Besides answering the complaint of McIntosh Bros., appellant filed a cross-complaint against

them for damages for alleged breach of the building contract. The three actions were consolidated for trial, and the determinative issue presented and tried in the main action, between the contractors and the owner, was whether the building contract was breached by the contractors, or by appellant. The trial court found that it had been breached by appellant and rendered judgment accordingly, awarding McIntosh Bros. damages and directing foreclosure sale of appellant's property to satisfy the liens of the subcontractors. Appellant took an appeal, but the Supreme Court affirmed the judgment (*McIntosh* v. *Funge,* 210 Cal. 592 [292 Pac. 960, 74 A. L. R. 420]), holding that the trial court's finding on the determinative issue above mentioned was sustained by the evidence. Thereafter appellant paid and discharged the liens, and after having done so obtained from the trial court under the authority of said section 709 of the Code of Civil Procedure an *ex parte* order directing the clerk to enter upon the docket appellant's claim against McIntosh Bros. for contribution and repayment, and to issue execution therefor. Later, on the same day, the trial court nullified said order, presumably upon the ground that the parties against whom it operated were entitled to notice of motion. (*Clark* v. *Austin,* 96 Cal. 283 [31 Pac. 293].) Subsequently, upon due notice, the motion was renewed, and after a hearing was denied. The present appeal involves the question of the validity of the adverse order made in that behalf.

The provisions of the judgment rendered by the trial court and affirmed by the Supreme Court, necessary to be considered here, decreed: First, that McIntosh Bros. recover damages against appellant in the sum of $877 with interest and costs; second, that appellant take nothing by his cross-complaint; third, that Smith Lumber Company have judgment against McIntosh Bros. for $731.20 and a lien on appellant's property for the sum of $674; fourth, that G. Massagli & Co. have judgment against McIntosh Bros. for $476.80 and a lien against appellant's property for that amount. The decree then followed the usual form of a foreclosure decree, directing foreclosure sale of the property covered by said liens, and that out of the proceeds received from the sale the amount of said liens, costs, etc., be paid, and that the surplus, if any, be paid to appellant; that in

the event the proceeds from the sale were not sufficient to pay the liens in full then the net proceeds derived therefrom be prorated between the two lienors and a deficiency judgment docketed against McIntosh Bros. for the balance due; and that the lienors have execution against McIntosh Bros. for the amount of said deficiency.

Section 709 of the Code of Civil Procedure, upon which appellant mainly relies in support of his motion, provides: "When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is satisfied out of the proceeds of the sale of the property of one of them, or one of them pays, without a sale, more than his proportion, he may compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them, as security for another, and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal. In such case the person so paying or contributing is entitled to the benefit of the judgment, to enforce contribution or repayment, if, within ten days after his payment, he file with the clerk of the court where the judgment was rendered, notice of his payment and claim to contribution or repayment. Upon a filing of such notice, the clerk must make an entry thereof in the margin of the docket." ▮ In interpreting the purpose of said section it has been held that the same was enacted for the benefit of sureties and joint debtors in order to enable them, without bringing an action, to use the judgment and the writs of the court for the purpose of compelling, in case of sureties, the repayment from their principal, or contribution from cosureties, and, in the case of judgment debtors, contribution from their codebtors (*Williams* v. *Riehl,* 127 Cal. 365 [59 Pac. 762, 78 Am. St. Rep. 60]); moreover, that said section does not change the substantive law (*Dow* v. *Sunset Tel. & Tel. Co.,* 162 Cal. 136 [121 Pac. 379]; *Forsythe* v. *Los Angeles Ry. Co.,* 149 Cal. 569 [87 Pac. 24]; *San Joaquin Valley Bank* v. *Gate City Oil Co.,* 36 Cal. App. 791 [173 Pac. 781]), but simply provides a convenient method of enforcing contribution by a judgment debtor who has paid a judgment, as against a co-defendant or co-defendants liable for a proportion of the debt. (*Dow* v. *Sunset Tel. & Tel. Co., supra.*)

In the present case the terms of the judgment and the findings upon which the judgment is based clearly show that the legal relationship of joint debtors or principal and surety never existed between McIntosh Bros. and appellant, and was never intended to be created thereby; and it follows that appellant was not entitled to repayment or contribution. On the contrary, as declared by the judgment rendered by the trial court and the decision of the Supreme Court affirming said judgment, it was appellant's breach of the building contract that gave rise to the entire controversy; and the findings expressly declare that the amount of damages awarded McIntosh Bros. ($877) as the result of such breach did not include the amounts due said lienors. In other words, the judgment and findings were to the effect that since appellant's property received the full and exclusive benefit of the work done and materials furnished by said lienors, his property was primarily liable for the payment thereof, and that the liability of McIntosh Bros. was secondary only, in the event of a deficiency arising in the sale of appellant's property.

Nor are the provisions of section 1193 of the Code of Civil Procedure available to appellant for the reason that by its terms said section applies to actions brought by contractors to recover upon liens filed by them; and here the action filed by the contractors was one for damages based upon the alleged illegal termination of the contract by the owner.

For the reasons stated we are of the opinion that the trial court's order denying appellant's motion should be affirmed, and it is so ordered.

Tyler, P. J., and Cashin, J., concurred.