[L. A. No. 16281. In Bank.—December 3, 1938.]

CHARLES H. TUCKER et al., Respondents, v. GRACE FREEMAN NICHOLSON, as Executrix, etc., Appellant.

Newton M. Todd and Fred A. Watkins for Appellant.

Will H. Winston for Respondents.

SEAWELL, J.—The three plaintiffs allege that they paid in full a deficiency judgment entered against them and six other persons after a mortgage foreclosure sale. They bring the present action against the executrix of the estate of one of said six judgment debtors to recover his proportionate part of the debt paid by plaintiffs. Defendant executrix prosecutes this appeal from a judgment that she is liable in the sum of $4,026.09 for one-fourth of the deficiency judgment.

The deficiency judgment was entered on August 23, 1932. On July 22, 1933, the plaintiffs herein paid to the judgment creditor $5,816.61, and delivered to her a promissory note and deed of trust for $11,000 executed by plaintiff Frank W. Barnes and his wife. On said date the judgment creditor executed and delivered an assignment of the judgment to Will H. Winston, the nominee of plaintiffs. The total of the cash paid and the principal sum of the $11,000 note equal the

full amount of the deficiency judgment, with interest from the date of judgment and costs.

■ Almost a year later, on July 19, 1934, Winston executed an acknowledgment of satisfaction of the judgment which was filed for record. On the same date the plaintiffs filed a notice of payment and claim to contribution under section 709, Code of Civil Procedure. Under the provisions of said section a joint judgment debtor who pays more than his proportion of a debt "is entitled to the benefit of the judgment to enforce contribution or repayment, if, within ten days after his payment, he file with the clerk of the court where the judgment was rendered, notice of his payment and claim to contribution or repayment".

■ In the instant case no payment of any sort took place on July 19, 1934. The only payment made was on July 22, 1933, at which time plaintiffs took an assignment of the judgment in the name of Will H. Winston, their attorney. Plaintiffs were not authorized under section 709, Code of Civil. Procedure, to file a notice of claim for contribution within ten days of July 19, 1934, and the filing of said claim was a nullity.

■ The remedy provided by said section, however, is not exclusive, but cumulative. Instead of proceeding thereunder the debtor upon paying the judgment may take an assignment thereof from the judgment creditor. (*Williams* v. *Riehl,* 127 Cal. 365 [59 Pac. 762, 78 Am. St. Rep. 60] ; *La Fleur* v. *M. A. Burns Lumber Co.,* 188 Cal. 321 [205 Pac. 102] ; *Tompkins* v. *Powers,* 106 Cal. App. 464 [289 Pac. 685] ; 19 Cal. Law Rev. 196; 6 Cal. Jur. 509, 515; 23 Cal. Jur. 1084.) The assignment may be taken in the name of the judgment debtor, or, as in the instant case, in the name of a third party. ■ Whether the judgment debtor proceeds under section 709, or by taking an assignment of the judgment, the payment to the judgment creditor does not operate as a satisfaction of the judgment as between the debtor paying it and those jointly liable with him. (Cases cited, *supra,* this paragraph and also, *Forsythe* v. *Los Angeles Ry. Co.,* 149 Cal. 569, 573 [87 Pac. 24] ; *McIntosh* v. *Funge,* 128 Cal. App. 70 [16 Pac. (2d) 1006].) The judgment is kept alive in equity to be used by the debtor paying to recover from his co-obligors the proportions they should pay, and he may have execution against them. (*Williams* v. *Riehl, supra; Clark*

v. *Austin,* 96 Cal. 283 [31 Pac. 293] ; *Davis* v. *Heimbach,* 75 Cal. 261 [17 Pac. 199].) Since his remedy in such circumstances is upon the judgment itself, the period of limitations is five years. (Sec. 336, Code Civ. Proc.; see *Manuel* v. *Hicks Iron Works,* 216 Cal. 459 [14 Pac. (2d) 756].)

But where the judgment debtor neither takes an assignment nor proceeds under section 709, Code of Civil Procedure, payment to the creditor constitutes satisfaction not only as to him, but also as between the judgment debtor making payment and his co-obligors. (*National Bank* v. *Los Angeles etc. Co.,* 2 Cal. App. 659 [84 Pac. 466].) The remedy of the judgment debtor is then upon the obligation which the law implies that those jointly liable with him shall reimburse him to the extent of their proportion of the joint debt. The period of limitations upon this implied obligation is two years from the date payment is made to the creditor. (Sec. 339, subd. 1, Code Civ. Proc.; *Manuel* v. *Hicks Iron Works, supra*; *Hurlbut* v. *Quigley,* 180 Cal. 265, 271 [180 Pac. 613] ; *Richter* v. *Henningsan,* 110 Cal. 530, 537 [42 Pac. 1077] ; *Chipman* v. *Morrill,* 20 Cal. 130, 131.)

In the instant case the action is brought in time if the five-year period of limitations dating from entry of the deficiency judgment applies, but too late if the two-year period from date of payment to the creditor (July 22, 1933) is controlling. Defendant contends that the two-year period governs for the reason that plaintiffs caused their nominee, Will H. Winston, to execute and file a satisfaction of judgment on July 19, 1934. Said satisfaction of judgment and also the notice of claim for contribution under section 709, Code of Civil Procedure, were filed on that date under mistake. No payment of any sort took place on July 19, 1934, and the filing of the claim under section 709, Code of Civil Procedure, within ten days of that date was unauthorized. Plaintiffs should not lose their rights under the assignment of July 22, 1933, by reason of the abortive filing of said instruments of July 19, 1934. (See *Merchants Nat. Bank* v. *Great Falls Opera House,* 23 Mont.. 33, 34 [57 Pac. 445, 75 Am. St. Rep. 499, 45 L. R. A. 285].) It is not shown that defendant or her testate relied on said instruments to their prejudice. We conclude that the plaintiffs' right of action is upon the judgment by virtue of the assignment to them, and hence is not barred.

The complaint is framed on the theory that plaintiffs are proceeding under section 709, Code of Civil Procedure. The judgment in any event must be reversed for the reason that defendant is not liable for so large a proportion as one-fourth of the deficiency judgment. Plaintiffs' remedy, although on the original judgment, is not, in the circumstances of this case, under section 709, but by virtue of the assignment of the judgment to them. Before retrial to determine the extent of defendant's liability plaintiffs should amend their complaint.

In the instant case payment to the judgment creditor was in part by means of the promissory note of plaintiff Barnes and his wife, secured by deed of trust. Payment by the debtor's personal note to the creditor gives rise to a right of contribution if accepted by the creditor in satisfaction of the debt. (*Ralston* v. *Wood*, 15 Ill. 159 [58 Am. Dec. 604]; *Brooklyn Life Insurance Co.* v. *Dutcher*, 95 U. S. 269 [24 L. Ed. 410]; *Larson* v. *Slette*, 125 Minn. 267 [146 N. W. 1094, L. R. A. 1915A, 898]; *Fort Jefferson Imp. Co.* v. *Dupoyster*, 112 Ky. 792 [66 S. W. 1048, 2 L. R. A. (N. S.) 263]; *Brooke* v. *Boyd*, 80 Wash. 213 [141 Pac. 357, Ann. Cas. 1916B, 359]; 13 Am. Jur. 16; Am. Law Inst. Restatement, Restitution, sec. 81, comment d.) But where the creditor retains a right of action on the obligation for which a note is given, there is not a satisfaction of the old debt. (*Ellison* v. *Henion*, 183 Cal. 171 [190 Pac. 793, 11 A. L. R. 444]; *Western Fuel Co.* v. *S. G. Lewald Co.*, 190 Cal. 25 [210 Pac. 419]; 20 Cal. Jur. 920–928, citing cases.) In the instant case the creditor by unconditionally assigning the judgment to Winston, the nominee of plaintiffs, accepted the note in payment of the judgment debt.

The original note upon which the deficiency judgment was based was given for the purchase price of land. As to the payee of said note, plaintiffs and their comakers, including the defendant's testate, were primarily liable for the entire debt. But as between themselves, each maker was primarily liable for his proportion of the debt, and a surety for his co-obligors as to the balance. (*Chipman* v. *Morrill*, 20 Cal. 130, 131, 136; *Clark* v. *Austin*, 96 Cal. 283 [31 Pac. 293]; *Weed* v. *Calkins*, 24 Hun (N. Y.), 582; 13 Am. Jur. 71.)

By the judgment of the court below defendant is held liable to contribute one-fourth of the amount of the deficiency judgment to the three plaintiffs who paid said deficiency.

This is erroneous. In an action against one co-obligor for contribution he may not be held for more than his just proportion of the debt in the absence of a showing of insolvency of the other co-obligors. The liability *inter se* of the comakers of a note given for the purchase price of land is presumptively proportionate to their interest in the land. (*Chipman* v. *Morrill, supra; Clark* v. *Austin, supra; Weed* v. *Calkins, supra;* see, also, note, 64 A. L. R. 216; 13 Am. Jur. 26; Am. Law Inst. Restatement, Restitution, sec. 85, comment, subd. f.) In the instant case the land was purchased by ten persons, and title taken in the name of a bank as trustee. Two of said persons were interested in the purchase to the extent of a 2/12 interest each, the other eight, including defendant's testate, A. J. Nicholson, to the extent of a 1/12 interest each. Therefore, if liability is apportioned among all ten purchasers, defendant is liable for 1/12 of the deficiency judgment.

In the instant case it cannot be ascertained from the record whether liability on the deficiency judgment should be apportioned (according to interest) between all ten purchasers, or only nine. The deficiency judgment is against only nine. Whether the tenth person did not sign the note, or whether notwithstanding he signed the note he was not made a party to the deficiency judgment does not appear. If said purchaser did not sign the note for the reason that he had paid in cash upon the purchase an amount commensurate to his interest in the land, the liability upon the purchase price note and deficiency judgment should then be divided between the other nine purchasers. But if such tenth purchaser, as between himself and his co-obligors, should justly bear a portion of the debt, the rule of apportionment as between all ten purchasers is not affected by the circumstance that the creditor did not take judgment against him on said debt. ■ A creditor by suing less than all of those jointly liable to him cannot deprive a debtor paying him of the right to hold each of his co-obligors for their proportion of the debt. (*Richter* v. *Henningsan,* 110 Cal. 530 [42 Pac. 1077]; *Lorimer* v. *Julius Knack Coal Co.,* 246 Mich. 214 [224 N. W. 362, 64 A. L. R. 210, 212, 223]; 13 Am. Jur. 57, 60.) It follows that the action must be retried to determine the amount of defendant's liability.

■ If contribution cannot be obtained from any joint debtor by reason of his insolvency, the loss arising therefrom

is borne proportionately by the solvent co-obligors. (*Lorimer* v. *Julius Knack Coal Co., supra*; *Hutson's Adm.* v. *Combs,* 110 Ky. 762 [62 S. W. 709]; *McAllister* v. *Irwin's Estate,* 31 Colo. 254 [73 Pac. 47]; 13 Am. Jur. 27; 64 A. L. R. 224; Am. Law Inst. Restatement, Restitution, sec. 85, comment h.) But the presumption is that the co-obligors are solvent. (*Williams* v. *Riehl,* 127 Cal. 365, 371 [5 Pac. 62, 78 Am. St. Rep. 60].)

The judgment is reversed.

Shenk, J., Langdon, J., Curtis, J., Waste, C. J., and Edmonds, J., concurred.