This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO. 29,516**

**EVERETT MULTINE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Everett Michael Multine appeals his convictions after jury trial for aggravated fleeing a law enforcement officer and speeding. On August 31, 2009, this Court issued a notice of proposed summary disposition proposing affirmance. On October 30, 2009, Defendant filed a memorandum in opposition to proposed summary affirmance, which we have given due consideration. We affirm.

Defendant argues that there was insufficient evidence to convict him. [DS 4-5] "In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998). We determine as a matter of law "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

According to Defendant's docketing statement and the tape log, Officer Ron Foreman testified as follows. On April 2, 2008, he was patrolling northbound on State Road 170 when he observed a silver Malibu driving southbound that appeared to be speeding. [DS 2, RP 69] He observed only that the driver appeared to be a Native

American with dark hair. [RP 76] Upon engaging his radar he determined that the car was traveling seventy-four miles per hour in a fifty-five mile-per-hour zone. [DS 2; RP 69] He turned around and tried to catch up to the car. As he prepared to make a traffic stop, he received a report of a silver Malibu driving recklessly on Hwy 170. [DS 2; RP 69] After several miles, Officer Foreman discontinued the pursuit for safety and policy reasons. [DS 2; RP 69-71, 75] About ten minutes later, he saw the silver Malibu parked at a Walmart store with the lights on, the engine off, and no one around. [DS 2-3] Two other officers caught Defendant after a foot chase and returned him to Officer Foreman's location. [DS 3]

An employee of Walmart responsible for security testified that he had seen surveillance video showing the car driving into the parking lot. [DS 3; RP 79-82] Someone exited the vehicle, went into the store, took off his jacket, and then exited the store. [DS 3] The employee testified that he transferred the video onto a CD. [Id.] The CD was not available for trial, although it had been played at the preliminary hearing. [Id.]

Officers Brian Kinley and Joseph Shakey testified that they responded to Officer Foreman's call about a subject possibly fleeing on foot. [Id.] The officers observed a man, later identified as Defendant, across the street from the Walmart. [Id.]

The officers chased him on foot, caught him, and transported him back to the parking lot, where he was arrested. [Id.] Officer Kinley further testified that he had viewed the surveillance video and the still photographs copied from it and believed the man in the video was Defendant. [DS 3-4]

There appears to be no dispute that the person driving the silver Malibu committed acts that amounted to speeding and aggravated fleeing. Rather, Defendant asserts that there was insufficient proof that he was the driver. Reviewing the evidence described above, we note that there were times in the sequence of events where neither an officer nor the surveillance video had view of the driver: the period after Officer Foreman discontinued the pursuit and the period between the video's depiction of someone leaving the Walmart and the officers finding Defendant across the street. Even though Officer Foreman had only a general sense of the driver's appearance before he lost sight of the car, it was reasonable for the jury to conclude that the person Officer Foreman observed and the person seen getting out of the car were the same, given the extreme unlikelihood that a new driver had replaced the original driver in the short time available. The jury also had before it Officer Kinley's opinion that the man shown in the photographs was Defendant and their own observations of any resemblance between Defendant and the photographs.

We conclude that the evidence was sufficient for the jury, using reasonable inferences to fill in the gaps in the sequence of events and considering the improbability of the alternatives, to find beyond a reasonable doubt that Defendant was the driver.

Defendant also argues that the district court should not have admitted the still photographs copied from the surveillance video into evidence because their existence was not disclosed to Defendant. "We review the trial court's decision to admit or exclude evidence for an abuse of discretion." *State v. Rubio*, 2002-NMCA-007, ¶ 16, 131 N.M. 479, 39 P.3d 144 (filed 2001).

New Mexico rules address the duty of the state to disclose evidence to a defendant. Before trial, the state shall disclose photographs (among other things) "which are within the possession, custody or control of the state, and which are material to the preparation of the defense or are intended for use by the state as evidence at the trial." Rule 5-501(A)(3) NMRA. The rules also address failure to disclose and give the court a wide range of options:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from calling a witness not disclosed, or introducing in evidence the material not

5

disclosed, or it may enter such other order as it deems appropriate under the circumstances, including but not limited to holding an attorney in contempt of court pursuant to Rule 5-112 NMRA of these rules.

Rule 5-505(B) NMRA.

In considering whether late disclosure of evidence requires reversal, a reviewing court will consider the following factors: (1) whether the [s]tate breached some duty or intentionally deprived the defendant of evidence; (2) whether the improperly non-disclosed evidence was material; (3) whether the non-disclosure of the evidence prejudiced the defendant; and (4) whether the trial court cured the failure to timely disclose the evidence.

*State v. Duarte*, 2007-NMCA-012, ¶ 15, 140 N.M. 930, 149 P.3d 1027 (filed 2006)

(internal quotation marks and citation omitted).

The test for materiality, the second factor, is whether there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. As for determining whether the defendant has been prejudiced, the third factor, we look at whether the defense's case would have been improved by an earlier disclosure or how the defense would have prepared differently for trial.

*Id.* (internal quotation marks and citations omitted).

In the present case, we observe that Defendant had previously seen the video from which the still photographs were copied, and it had been presented at his preliminary hearing. [DS 3] Thus, the content should not have been a surprise. Further, the security person from Walmart provided foundation testimony about the

surveillance system and the fact that he had made the still photographs. [RP 79-83]

We conclude that the photographs were not material and that Defendant was not prejudiced as those concepts are defined in *Duarte*. That is, the only likely result of earlier disclosure would have been more opportunity for defense counsel to prepare for cross-examination. Accordingly, we conclude that the district court did not abuse its discretion in overruling Defendant's objection to the photographs.

For the reasons stated above, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

7