2007 ND 184

In the Matter of the ESTATE
OF Mary M. EGELAND,
Deceased.

Monte Dean Egeland, Personal Representative of the Estate of Mary M. Egeland, Deceased, Petitioner and Appellee

v.

Ronald Egeland, Respondent
and Appellant.

No. 20070075.

Supreme Court of North Dakota.

Nov. 27, 2007.

Michael Geiermann, Schulz Geiermann & Bergeson Law Offices, P.C., Bismarck, N.D., for petitioner and appellee.

John J. Petrik (argued) and Kari R. Reichert (on brief), Vogel Law Firm, Bismarck, N.D., for respondent and appellant.

MARING, Justice.

[¶ 1] Ronald Egeland appealed from a judgment approving a petition for allocation of funds by the personal representative of the estate of Mary M. Egeland, asserting the court erred in allowing the estate to offset Ronald's inheritance by the amount the estate paid to satisfy a debt on a promissory note under which Ronald and Mary were co-makers. We hold the offset was in accordance with the law, and we affirm.

I

[¶ 2] Mary M. Egeland, the deceased, was the mother of five children, including Ronald. On September 30, 2003, Mary and Ronald, as joint obligors, executed a promissory note with Dakota Western Bank to borrow $236,084.92 for the purchase of land in Bowman County and to refinance a delinquent 2001 promissory note for the purchase of a tractor. Ronald owns the tractor, and the purchased property was ultimately placed in a trust under which Ronald is the sole beneficiary.

[¶ 3] Mary died on August 17, 2004. Under her will, her son, Monte Dean Egeland, was appointed the personal representative. He subsequently used certificates of deposit, payable on Mary's death to Ronald, as payment on the 2003 promissory note and also paid out of estate funds $205,083.53 as final payment on the note. The combination of these payments completely satisfied the debt on the note. The personal representative asked the district court to approve the allocation of estate funds, including a $205,083.53 offset against Ronald's inheritance from the estate, effectively reimbursing the estate for the amount it paid to satisfy the 2003 promissory note. The court approved the allocation of estate funds and the offset against Ronald's inheritance.

II

[¶ 4] Ronald asserts the district court erred in granting the estate an offset against his inheritance for payment by the estate on the 2003 promissory note, because Mary and Ronald had an oral agreement that the entire indebtedness under the note would be paid from "South Dakota oil royalty money" received by Mary.

[¶ 5] The district court essentially determined Ronald's testimony that Mary had orally agreed to pay the entire indebtedness under the promissory note was not

credible. With regard to this issue the court made the following findings of fact:

In 2001, Ron and Mary allegedly agreed that any loan to purchase the Bowman County land from the Monte A. Egeland Trust would be paid for by South Dakota oil royalty money paid to Mary. These mineral interests were owned solely by Mary. Pursuant to the verbal agreement, Ron would have no obligation to pay for the purchase of the Bowman County land. There was no written agreement or contract in this regard.

.... The alleged oral contract between Ron and Mary in which Ron would have no financial obligation for repayment for the purchase of the Bowman County land as repayment was supposedly to come solely from Mary's South Dakota oil royalty money is in direct conflict of Ron's status as a joint obligor on the September 30, 2003 note.

.... The Court finds that Mary's intention as to Ron's obligation for repayment on the Dakota Western Bank loan is found in the September 30, 2003 note itself as Ron agreed to be a co-obligor.

[¶ 6] In actions tried without a jury, a district court's findings of fact are governed by the clearly erroneous standard of review under N.D.R.Civ.P. 52(a). *In re Estate of Elken*, 2007 ND 107, ¶ 4, 735 N.W.2d 842. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exits to support the finding, or if, on the entire record, we are left with a definite and firm conviction the trial court made a mistake. *Id.* We give due regard to the trial court's opportunity to assess the credibility of the witnesses, and the court's choice between two permissible views of the evidence is not clearly erroneous. *Landers v. Biwer*, 2006 ND 109, ¶ 20, 714 N.W.2d 476. The court found Mary's intention that Ronald incur an obligation for payment of the debt

was obvious on the face of the note under which Mary and Ronald were co-makers. The court also expressly found that Ronald's testimony of a prior oral agreement between himself and Mary that she would be solely liable for any loan to purchase the property was inconsistent with the promissory note, and that testimony was disregarded by the court. We conclude there is evidence to support the district court's findings on this issue and they are not clearly erroneous.

### III

[¶ 7] Ronald argues in the alternative that he and Mary were jointly obligated as co-makers on the note to each pay one-half of the indebtedness for the purchase of the tractor and the property. According to the terms of the 2003 promissory note, Ronald and Mary Egeland were "jointly and severally" obligated on the loan.

[¶ 8] The right to contribution between joint obligors is provided under N.D.C.C. § 9–01–08:

A party to a joint obligation or to a joint and several obligation who satisfies more than that party's share of the claim against all obligors may require a proportionate contribution from all the parties joined with that party.

Under this statute, Ronald asserts he and Mary were, as a matter of law, jointly liable to each pay one-half of the indebtedness. The estate asserts that under the statute "a proportionate contribution" from joint obligors depends upon the benefit received. The estate asserts it is entitled to a 100 percent contribution from Ronald, because he received the entire benefit of the loan proceeds when he obtained the tractor and all the property purchased with the borrowed money.

[¶ 9] This Court has not addressed the issue of what constitutes a proportionate contribution under N.D.C.C. § 9–01–08. The rule regarding contribution among co-makers of a negotiable instrument is stated in 12 *Williston on Contracts* § 36:15, at 676 (4th ed.1999) (emphasis added):

> In the absence of proof of a contrary agreement, a comaker who is required to pay the entire obligation may seek contribution or reimbursement from the other comaker for one half of the amount paid. However, *if it can be shown* that the parties have by agreement made a different allocation as to their liability, or *one of the comakers has received a disproportionate benefit from the transaction, then disproportionate contribution may be allowed.*

Further explanation regarding contribution among co-obligors who have received unequal benefits is found in 18 Am.Jur.2d *Contribution to Corporations* § 22, at 34 (2004):

> Since the right to contribution is inherently equitable in nature, it logically follows that where the co-obligors have received unequal benefits from the common obligation, the portion of the contribution that each must bear is according to the benefit that each has received. While, in the absence of proof to the contrary, it is presumed that all the co-obligors were benefited in equal degree by the consideration received, this presumption is subject to rebuttal by proof that there was actually an inequality of benefits received. Thus, where several persons borrow money jointly but it is established that, individually, they received unequal parts of that money, they are liable to contribute, not equally, but in proportion to the amounts actually received by them. An obligor who has received no benefit will not be forced to contribute.

[¶ 10] In construing a contribution statute substantively identical to ours, the California Court of Appeals, Fifth District, held that where business associates are directly liable on a business debt their shares of contribution among themselves are presumed to be proportionate to their ownership interest in the business. *Jans v. Nelson,* 83 Cal.App.4th 848, 100 Cal. Rptr.2d 106, 111 (2000). The court said an action to enforce the right of contribution is governed by equitable principles and begins with the fundamental principle that "[h]e who takes the benefit must take the burden." *Id.* at 113. *See also Beneficial Fin. Co. of New York, Inc. v. Husner,* 82 Misc.2d 550, 369 N.Y.S.2d 975 (1975) (the rights and liabilities of co-makers on a promissory note, as between themselves, depend upon the contract between them and, absent a contrary agreement, the co-makers are liable between themselves in proportion to the benefits received).

[¶ 11] In accord with the foregoing authorities, we conclude that it was appropriate for the district court to consider the benefit received by these joint obligors in determining a proportionate contribution between them under N.D.C.C. § 9–01–08.

■ [¶ 12] Ronald asserts Mary received benefit from the borrowed money because she was allowed to reside on the land purchased with the money and she also received benefit from negotiations Ronald conducted on her behalf regarding payments of oil royalty money from third parties. The district court did not find that these were "benefits" to Mary arising under the promissory note or from use of the borrowed money. Rather, the court found Ronald received 100 percent of the benefit from the promissory note, because Ronald received title and legal interest in the tractor and the land purchased with the borrowed money. There is record evidence to support the court's findings on

this issue, and we are not left with a firm and definite conviction the court made a mistake. We, therefore, conclude the trial court's findings are not clearly erroneous.

[¶ 13] The district court allowed the personal representative of the estate to offset Ronald's inheritance by the entire $205,083.53 the estate paid in satisfaction of the 2003 promissory note. By allowing this offset, the court effectively awarded Mary's estate 100 percent contribution from Ronald under N.D.C.C. § 9–01–08 for the estate's payment on the promissory note. We conclude the district court's decision is in accordance with the law.

### IV

[¶ 14] Judgment affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., LAWRENCE A. LECLERC, S.J., DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

[¶ 16] The Honorable LAWRENCE A. LECLERC, S.J., sitting in place of KAPSNER, J., disqualified.