# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2019 ND 295

Open Road Trucking, LLC, as Assignee of
Leland A. Swanson, as Assignee of Western
State Bank,                                             Plaintiff and Appellant

v.

Leland A. Swanson,                                                      Defendant

and

James B. Lund,                                          Defendant and Appellee

## No. 20190091

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Bruce A. Schoenwald (argued) and Randolph E. Stefanson (on brief), Moorhead, MN for plaintiff and appellant.

Sarah Aaberg (argued) and Sean T. Foss (on brief), Fargo, ND for defendant and appellee.

**VandeWalle, Chief Justice.**

[¶1] Open Road Trucking, LLC, appealed from district court orders: (1) denying Open Road's application for a charging order lien against James Lund; and (2) directing satisfaction of a judgment against Lund and Leland Swanson. We conclude Open Road was entitled to take an assignment of the judgment for the purpose of enforcing contribution against Lund. We affirm in part, reverse in part, and remand.

I

[¶2] In September 2018, Western State Bank sued Swanson and Lund to enforce commercial guaranties executed by Swanson and Lund. Swanson and Lund consented to entry of judgment, and a $1,334,374.25 judgment was entered against Swanson and Lund. The judgment stated Swanson and Lund were jointly and severally liable.

[¶3] Swanson paid the judgment in full, and contemporaneously, Western State Bank assigned the judgment to Swanson. The next day, Swanson assigned his interest in the judgment to Open Road Trucking. The assignment from Swanson stated it assigned his contribution interest against Lund for $670,952.24, one-half of the judgment amount.

[¶4] Open Road applied for a $670,952.24 charging order under N.D.C.C. § 10-32.1-45 against Lund's transferrable interests in five limited liability companies. In response, Lund argued Open Road was not entitled to a charging order because Swanson paid the full amount of the judgment debt to Western State Bank and therefore, the judgment was satisfied. After a hearing, the district court denied Open Road's application for a charging order. The court concluded Open Road was not entitled to a charging order because Swanson paid the judgment and there remained no unsatisfied part of the judgment under N.D.C.C. § 10-32.1-45(1).

[¶5] In January 2019, an execution of judgment was issued against Lund for the full amount of the judgment. Open Road also began a separate action against Lund for contribution under N.D.C.C. § 9-01-08. Swanson then moved for an order directing entry of a satisfaction of judgment. The district court granted the motion, ruling the judgment against Swanson and Lund was satisfied as a matter of law. The February 2019 order directing satisfaction of judgment also cancelled any outstanding execution of judgment.

II

[¶6] Open Road argues the district court erred in denying its application for a charging order against Lund. Open Road claims it could enforce Swanson's right of contribution against Lund under the assignment of the judgment from Swanson.

[¶7] This case requires us to review the district court's legal conclusions relating to the judgment and Open Road's application for a charging order. It also involves an examination of various statutes relating to joint and several obligations, contribution, and judgments. A district court's legal conclusions are fully reviewable on appeal. *Estate of Conley*, 2008 ND 148, ¶ 15, 753 N.W.2d 384. "The interpretation and application of a statute is a question of law, which is also fully reviewable on appeal." *Id.*

[¶8] Under N.D.C.C. § 9-12-03, "[p]erformance of an obligation by one of several persons who are liable jointly under it extinguishes the liability of all persons who are liable jointly thereon." Section 9-01-08, N.D.C.C., allows a right to contribution between joint obligors: "A party to a joint obligation or to a joint and several obligation who satisfies more than that party's share of the claim against all obligors may require a proportionate contribution from all the parties joined with that party."

[¶9] Here, Swanson and Lund executed a consent to entry of judgment. The consent to entry of judgment and the subsequent judgment stated Swanson and Lund were jointly and severally liable. Under N.D.C.C. § 9-12-03, Swanson's payment of the judgment debt to Western State Bank extinguished

2

both Swanson's and Lund's liability to the bank. Swanson's payment also created a right to contribution from Lund under N.D.C.C. § 9-01-08.

[¶10] We have stated, "In the absence of proof of a contrary agreement, a co-maker who is required to pay the entire obligation may seek contribution or reimbursement from the other co-maker for one half of the amount paid." *Estate of Egeland*, 2007 ND 184, ¶ 9, 741 N.W.2d 724. The presumption of equal liability may be rebutted, and a defendant has the burden to raise an affirmative defense. *Collection Ctr., Inc. v. Bydal*, 2011 ND 63, ¶ 13, 795 N.W.2d 667. Here, the parties agreed to be jointly and severally liable under the judgment, and nothing in the record shows Lund's proportionate share of the judgment was less than one-half of the amount.

[¶11] Judgments are governed by N.D.C.C. ch. 28-20. "Generally, a judgment is assignable." *Bank of Steele v. Lang*, 423 N.W.2d 504, 505 (N.D. 1988) (citing N.D.C.C. § 28-20-20). After an assignment, the assignee stands in the shoes of the assignor and acquires no greater rights than held by the assignor. *Bydal*, 2011 ND 63, ¶ 15, 795 N.W.2d 667.

[¶12] Lund argues the judgment was satisfied after Swanson's payment of the judgment, and there remains no unsatisfied amount of the judgment under the charging order statute. Lund asserts Open Road can enforce contribution from Lund through a separate action for contribution under N.D.C.C. § 9-01-08. Open Road claims Swanson's payment did not satisfy the judgment. Open Road argues it can use the assigned judgment to enforce contribution from Lund. Open Road asserts a charging order can be used to compel contribution.

[¶13] A creditor may file a satisfaction of judgment under N.D.C.C. § 28-20-24:

> Any judgment rendered or docketed in any district court of this state may be canceled and discharged by the clerk thereof, upon the filing with the clerk of an acknowledgment of the satisfaction thereof signed by the party in whose favor the judgment was obtained, or by that party's attorney of record, executor or administrator, or assignee, and duly acknowledged in the manner required to admit a deed of real property to record.

3

Nothing in the statute or N.D.C.C. ch. 28-20 states a judgment is satisfied upon full payment of the judgment.

[¶14] Swanson's assignment of the judgment to Open Road stated he conveyed his contribution interest against Lund for one-half of the judgment amount. To enforce the assigned right to contribution, Open Road applied for a $670,952.24 charging order against Lund's transferrable interests in five limited liability companies. Lund resisted, claiming no judgment debt remained because Swanson paid the full amount of the judgment.

[¶15] Charging orders are governed by N.D.C.C. § 10-32.1-45, providing:

> 1. On application by a judgment creditor of a member or transferee and following notice to the limited liability company of the application, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment.
> 2. A charging order constitutes a lien on the transferable interest of a judgment debtor and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.
> 3. The member or transferee whose transferable interest is subject to a charging order may extinguish the charging order by satisfying the judgment and filing a certified copy of the satisfaction with the court that issued the charging order.
> 4. At any time before extinguishment under subsection 3, a limited liability company or one or more members whose transferable interests are not subject to the charging order may pay to the judgment creditor the full amount due under the judgment and thereby succeed to the rights of the judgment creditor, including the charging order.
> 5. This chapter does not deprive any member or transferee of the benefit of any exemption laws applicable to the transferable interest of the member or transferee.
> 6. This section provides the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the transferable interest of the judgment debtor.
> > a. No other remedy, including foreclosure of the transferable interest or a court order for directions, accounts, and

4

inquiries that the debtor member might have made, is available to the judgment creditor that is attempting to satisfy the judgment out of the judgment debtor's interest in the limited liability company.

    b. No creditor of a member or transferee has any right to obtain possession of or otherwise exercise legal or equitable remedies with respect to a property of the company.

   7. This section applies to single member limited liability companies and limited liability companies with more than one member.

[¶16] The district court concluded that because Swanson paid the judgment in full, there was no "unsatisfied amount of the judgment" under N.D.C.C. § 10-32.1-45(1). The court denied Open Road's application for a charging order.

[¶17] This Court has not addressed the effect of an assignment of a judgment from a judgment creditor to a judgment debtor. We have not considered whether a judgment debtor who pays a judgment debt is limited to a contribution action against co-debtors for their proportionate share of the judgment debt. Or whether, in lieu of bringing a separate action for contribution, a judgment debtor may take an assignment of the judgment in the original action for the purpose of enforcing contribution against judgment co-debtors.

[¶18] California and Nebraska allow a judgment debtor who has paid more than his or her proportion of a judgment to take an assignment of the judgment to compel contribution. In *Duke v. Superior Court*, 226 Cal. Rptr. 3d 807, 815-16 (Cal. Ct. App. 2017) (citations omitted), the court explained:

    A judgment debtor who has paid more than his or her proportion of a judgment has three options for enforcing the right to contribution: statutory contribution, assignment, or an action on implied contract for contribution.

    . . . .

    In addition to bringing a [statutory] noticed motion to compel contribution or repayment, a joint judgment debtor may take an assignment of the judgment. However, by taking assignment of the

judgment, the judgment debtor is entitled to use the assignment only for purposes of enforcing contribution.

[¶19] In *Duke*, the court discussed earlier cases explaining the principle of allowing a judgment debtor to take an assignment of the judgment to enforce contribution. 226 Cal. Rptr. 3d at 816-17 (citing *Williams v. Riehl*, 59 P. 762 (Cal. 1899); *Nat'l Bank v. Los Angeles Iron & Steel Co.*, 84 P. 468 (Cal. Dist. Ct. App. 1906); *Tucker v. Nicholson*, 84 P.2d 1045 (Cal. 1938)).

[¶20] In *Williams*, 59 P. at 763, three judgment debtors paid a judgment and took an assignment of the judgment. The debtors sought execution of the judgment against another co-debtor who had paid nothing. *Id.* The California Supreme Court explained its rationale for allowing a judgment debtor to take an assignment of a judgment and enforce the judgment by execution against a judgment co-debtor:

> Equality is equity. The moment one co-surety or joint judgment debtor pays the debt of his principal, he has a right to recover from his cosurety or joint judgment debtor his proportionate share. The law gives him this right, and also imposes upon his co-surety the duty of paying his proportionate share. The obligation is as binding upon the co-surety as if created by promissory note or contract. It would be no defense for a defendant, when sued upon a promissory note or other written contract, to set up that the plaintiff held collateral securities or property for the purpose of indemnifying himself. Why should it be a defense in this kind of an action? Why should the plaintiff, in an action for contribution, after having paid out his money, be compelled to wait until he can realize upon some collateral indemnity, which may require years, while his co-surety, who was as much bound in law and morals as himself by the bond, has paid nothing? This would not make the burdens of the co-sureties equal.

*Id.* at 764. The court concluded, "The respondents, by paying the plaintiff, and taking an assignment of the judgment, only became entitled to use it for the purpose of enforcing contribution from their co-sureties or payment from their principal." *Id.* at 764-65. "They were only subrogated to the rights of the plaintiff for the purpose of using the judgment in order to protect themselves

6

and their co-sureties, and for the purpose of compelling contribution." *Id.* at 765.

[¶21] In *Tucker*, 84 P.2d at 1047 (citations omitted), the California Supreme Court further held:

> The assignment [of the judgment] may be taken in the name of the judgment debtor, or, as in the instant case, in the name of a third party. Whether the judgment debtor proceeds . . . by taking an assignment of the judgment, the payment to the judgment creditor does not operate as a satisfaction of the judgment as between the debtor paying it and those jointly liable with him. The judgment is kept alive in equity to be used by the debtor paying to recover from his coobligors the proportions they should pay, and he may have execution against them.

[¶22] In *Exchange Elevator Co. v. Marshall*, 22 N.W.2d 403, 413 (Neb. 1946) (quoting *Nelson v. Webster*, 100 N.W. 411, 414 (Neb. 1904)), the court stated:

> The same contention [that a judgment debtor could bring a separate action for contribution] was disposed of in *Nelson v. Webster*, supra. There it was held that "When the person seeking payment has conclusively shown that he was the surety (here a joint debtor who had paid his proportionate share of the debt), that he paid the full amount of the debt (here a substantial part of the balance), and that the judgment against the defendant had been assigned to him, there is nothing further necessary to be proved to authorize him to compel payment." It was held that no good could result from compelling the paying debtor first to maintain a separate suit to establish that which he had already established. So here, all that could be done in another action has already been done. [The judgment co-debtor] "has had his day in court and should pay the debt without further litigation."

[¶23] Minnesota, North Carolina, Georgia, and Maryland have statutes or rules allowing a judgment debtor to use a judgment to enforce contribution from co-debtors when the judgment debtor has paid more than his or her share of the judgment. *See* Minn. Stat. § 548.19; N.C. Gen. Stat. § 1B-7; Ga. Code Ann., § 9-13-78; Md. Rules 2-614.

[¶24] We are persuaded by the authorities discussed above. A judgment debtor who has paid more than his or her proportionate share of the judgment should not have to bring a separate action against co-debtors to compel contribution from them. A co-debtor is already obligated to pay under the original judgment; the interests of justice are not served by requiring the paying debtor to obtain another judgment for contribution against a co-debtor.

[¶25] Accordingly, we hold that, in addition to a separate action for contribution under N.D.C.C. § 9-01-08, a judgment debtor, or an assignee of the judgment debtor, may take an assignment of the judgment for the purpose of enforcing contribution against co-debtors. The payment to the judgment creditor does not satisfy the judgment as between the debtor paying it and those jointly liable. The judgment may be used by the paying debtor to recover proportionate amounts from his or her co-debtors, and the paying debtor may enforce the judgment by execution or other lawful means.

[¶26] Applying our holding to this case, we conclude the judgment was not satisfied as between Swanson and Lund, and Open Road was entitled to take an assignment of the judgment from Swanson to enforce Swanson's right of contribution from Lund for one-half of the judgment amount. The "unsatisfied amount of the judgment," as used in N.D.C.C. § 10-32.1-45(1), means Lund's proportionate share of the judgment amount. In this case, Lund has not presented any evidence contesting the amount of his proportional share of the unsatisfied amount of the judgment. Additionally, any execution sought against Lund shall only be for his proportionate share.

[¶27] We reverse the district court's order denying Open Road's application for a charging order, and remand for entry of a charging order against Lund's transferrable interests in the limited liability companies. We reverse the part of the court's February 2019 order directing entry of satisfaction of the judgment. We affirm that part of the order cancelling any execution of judgment for the full amount of the judgment.

## III

[¶28] The parties' remaining arguments are either unnecessary to our opinion or without merit. The orders are affirmed in part, reversed in part, and remanded.

[¶29] Gerald W. VandeWalle, C.J.
      Jon J. Jensen
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte